[No. 21,172. In Bank.—April 2, 1895.]

THE PEOPLE, RESPONDENT, v. JOHN REILLY, APPELLANT.

CRIMINAL LAW—DEPOSITION TAKEN AT PRELIMINARY EXAMINATION—PRESUMPTION UPON APPEAL. — Where the record does not affirmatively show whether a deposition taken at the preliminary examination of the defendant before the committing magistrate was or was not properly transcribed, certified, and filed, and does not show any specific objection to have been taken on that ground in the court below, it must be presumed upon appeal that the court rightfully performed its duty in admitting the deposition in evidence.

ID.—INABILITY TO FIND WITNESS.—Where it is satisfactorily shown to the court that due diligence has been used, and that a witness produced at the preliminary examination of the defendant cannot be found within the state, it does not abuse its discretion in holding that the deposition of the witness may be received in evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Alexander Campbell, Jr.,* for Appellant.

*Attorney General W. H. H. Hart,* for Respondent.

BELCHER, C.—The defendant was convicted of the crime of robbery, and sentenced to be imprisoned in the state prison for the term of twenty years.  He appeals from the judgment and from an order denying his motion for a new trial.

The only point made for reversal is that the court below erred in permitting the deposition of John O'Brien, taken at the preliminary examination of defendant, to be read in evidence.

O'Brien was the prosecuting witness, and, when his deposition was offered, counsel for defendant objected that it was inadmissible under section 686 of the Penal Code; and, again, that it was incompetent and inadmissible, and that no foundation had been laid for its introduction.  The objection was overruled and an exception reserved.

1. It is urged here that no foundation for the introduction of the deposition was laid, because " no showing was made that the purported deposition ever was filed in the superior court, or with the county clerk of the city and county, or that the reporter had transcribed his shorthand notes into longhand, or that he ever certified to the same," as required by subdivision 5 of section 869 of the Penal Code.

That section provides that when testimony, given at a preliminary examination, has been taken down by a shorthand reporter, " the reporter shall, within ten days after the close of such examination (if the defendant be held to answer to the charge), transcribe into longhand writing his said shorthand notes, and certify and file the same with the county clerk of the county, or city and county, in which the defendant was examined."

The record shows that the deposition produced was the testimony of O'Brien, the complaining witness, which had been taken down by question and answer before the committing magistrate, in the presence of the defendant, upon the preliminary examination of defendant touching this charge of robbery, including the cross-examination of the witness in behalf of said de-

fendant by his counsel; but it fails to show whether or not the testimony was taken down by a shorthand reporter, and, if it was, whether or not the reporter transcribed his shorthand notes into longhand writing, or ever certified or filed the same with the county clerk. So far, therefore, as we are advised the testimony may have been properly transcribed, certified, and filed, and this may have appeared on the deposition. And, if not, specific objection on this ground should have been taken, and the record should have been made to show the facts. But the rule is that, unless the record clearly shows error, no presumptions will be indulged that error was committed. We must presume, therefore, that the court rightly performed its duty, and that the ruling complained of was proper. (*People* v. *Gibson, ante,* p. 458.)

2. It is also urged that no foundation for the introduction of the deposition was laid, because there was no sufficient showing that the witness could not, with due diligence, be found within the state.

Section 686 of the Penal Code provides that in a criminal action the defendant is entitled to be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate, and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness, "the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot, with due diligence, be found within the state."

It was proved that a subpœna for the witness O'Brien was placed in the hands of an officer, who knew him, for service, and was returned with the following indorsment:

"I hereby certify that after searching diligently for John O'Brien I could not find him.

[SIGNED]     "JOHN GUILFOY."

It was also proved that O'Brien was an old man, who

had been engaged in peddling rags, sacks, and bottles, and that up to a short time before he had stopped at a boarding-house on Fourth street, in San Francisco, which had then been closed, and that its former occupants did not know where he had gone or what had become of him; that diligent efforts to find him had been made in all those portions of the city where he had been accustomed to wander, and where he would be likely to be found, but that all such efforts had been unsuccessful.

Without rehearsing the evidence in detail it is enough to say that, as it was *satisfactorily* shown to the court below that due diligence had been used and the witness could not be found, its conclusions in this regard must be accepted as correct. Certainly we cannot say that it abused its discretion in so holding.

It follows that the judgment and order appealed from should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J.,     HARRISON, J.,<br>
McFARLAND, J.,     VAN FLEET, J.