[Crim. No. 721.   Department One. — April 26, 1901.]

## THE PEOPLE, Respondent, v. CHARLES COMPTON, Appellant.

CRIMINAL LAW — TRIAL — IMPANELING JURY — SELECTION FROM OTHER DEPARTMENTS — DEPARTURE FROM STATUTE. — During the impaneling of a jury in a criminal case, an order that certain other jurors attending in other departments of the court appear to act in the case conditionally, and that their names be placed in the box, where it appeared that the jury was not selected from the regular panel then present, was a radical departure from the procedure provided by the statute.

ID. — REGULAR PANEL — ORDER OF COURT — SPECIAL VENIRE. — If the jurors so called in were a part of the regular panel, the law required that their names should be placed in the box before any names were drawn therefrom. If not a part of the regular panel, they could not be brought in to try the cause by a mere order of court; nor could they be included in a special *venire*.

ID. — EVIDENCE — ABSENT WITNESS — TESTIMONY AT PRELIMINARY EXAMINATION — IMPEACHMENT — SUBSEQUENT STATEMENTS. — A witness absent from the state, whose testimony, given at the preliminary examination, was read to the jury, cannot be impeached by proof that since the preliminary examination the witness had made statements to third parties in contradiction of his testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

W. H. Shinn, and Davis & Rush, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GAROUTTE, J. — Defendant appeals from a judgment and order denying his motion for a new trial.   His principal contention is, that the jury which convicted him was improperly selected; and with this contention the court agrees.

For present purposes it will be assumed that there was a regular panel of jurors present in department 2 of the court for the purpose of trying the defendant.   When the impanelment of the jury began, the court made an order that certain

other jurors, attending other departments of the court at that time, appear in department 2 to act in the cause, provided the jury was not selected from the regular panel then present. In the selection of the jury, the jurors regularly in attendance upon department 2 were exhausted, and no jury obtained, whereupon the court ordered the names of those jurors who had appeared from other departments in pursuance of its aforesaid order, to be placed in the box, and it was from these jurors that the jury was finally completed. The course here pursued we deem a radical departure from the procedure laid down in the statute for the selection of a jury in a criminal case. The jurors brought from other departments of the court were either a part of the regular panel, or they were not. If they formed a part of the regular panel, their names should have been placed in the box with the other part of the panel. There is no principle of law by which, in a criminal case, the court may place the names of part of a panel in the box and draw the jury therefrom. Neither is there any principle of law by which the court may place the names of a portion of the panel in the box and exhaust it, and thereafter place the remaining portion thereof in the box. The defendant is entitled to select the jury from the entire panel present and competent to act. If these jurors from other departments were present in court, properly assembled there, for the purpose of trying this cause, their names should have gone into the box before any names whatever were drawn therefrom. Defendant had a legal right to so demand. Taking the other view of this matter, if the jurors brought from other departments of the court were not properly a part of the regular panel, then the court had no authority to place their names in the box at all; for jurors not on the panel cannot be brought into court to try a cause by the mere order of the court. The statute does not authorize it.

When the panel summoned before the court from which the jury is to be selected is exhausted, and a jury is not completed, the law says the jury may be completed by drawing other names from the "trial-jury box," and then those persons be summoned by the sheriff to appear in court. This is, in effect, a second regular panel. The only other course open to the court is to order a special *venire*, not taking bystanders. The attorney-general says: "The effect of the order relative to the second jury in the case at bar was the same as if the court,

before the expiration of the drawing of all names in the regular jury box, had directed that a special *venire* issue." This position cannot be successfully maintained. The jurors taken from the other departments of the court, *if a part of the regular panel,* should have had their names placed in the box when the impanelment of the jury began. This was not done. If those jurors did not form a part of the regular panel, then, to be qualified jurors to act in the case, they must have constituted a special *venire;* yet the law does not allow a special *venire* to be selected and brought into court in the way here adopted. If authority were needed upon this proposition, it may be found in *People* v. *Edwards,* 101 Cal. 543, where the impanelment of a jury in a criminal case was held irregular, notwithstanding the departure from the statute was not nearly so substantial as in the case at bar.

The witness Ware being absent from the state, his testimony given at the preliminary examination was read to the jury. Defendant thereafter proposed to impeach the testimony of the witness by showing that since the preliminary examination Ware had made statements to third parties in contradiction of his testimony. We know of no rule of law justifying the impeachment of the witness under these circumstances.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.