[Crim. No. 965.  Department One.—March 12, 1903.]

## THE PEOPLE, Appellant, v. FRED WITTY, Respondent.

CRIMINAL LAW—EVIDENCE—DEPOSITION TAKEN AT PRELIMINARY. EX-
    AMINATION—OMISSION OF REPORTER'S PARENTHESES.—Where the
    defendant in a criminal case objected that a deposition offered to
    be read at the trial as having been taken at the preliminary exam-
    ination was not the deposition taken thereat, because it contained
    descriptive or explanatory parentheses interpolated by the reporter,
    the defendant cannot be heard to object that they were omitted from
    the reading by order of the court, it not appearing that they were of
    such a nature as to invalidate the deposition, and there being no
    pretense that the testimony of the witness was not correctly report-
    ed, and read to the jury.

ID.—CERTIFICATE OF REPORTER—PRESUMPTION AGAINST ERROR.—Where
    the record does not affirmatively show that the deposition read,
    which was taken by question and answer, had not been transcribed
    and certified by the reporter and filed by him with the county clerk,
    it must be presumed against error that the deposition had been
    properly transcribed, certified, and filed.

ID.—DILIGENT SEARCH FOR ABSENT WITNESS—DISCRETION OF COURT.—
    Where the record shows that the absent witness whose deposition
    was read could not be found in the county after diligent search,
    and that subpœnas had been issued for him to the sheriff of every
    county in the state, and that the sheriffs of forty-six counties had
    made returns that he could not be found therein, it cannot be said

that the trial court abused its discretion in holding that due diligence had been used, and that the witness could not be found.

ID.—IMPEACHMENT—SUBSEQUENT AFFIDAVIT.—The witness whose deposition was read cannot be impeached by a subsequent affidavit taken by him after the taking of his deposition, in which he acknowledged that his testimony was not true in several material parts.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. William O. Minor, Judge.

The facts are stated in the opinion of the court.

L. J. Maddux, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted in the superior court of Stanislaus County of the crime of grand larceny, and adjudged to suffer imprisonment in the state prison for the term of two years. He appeals from the judgment and order denying his motion for a new trial. Two points are made for reversal. The first relates to the deposition of George O'Donnell, a witness for the people, taken at the preliminary examination of the defendant, which was read at the trial. Objection was made thereto on the ground "that it is immaterial, irrelevant, and incompetent, and no process of court has been invoked, and that the deposition that is offered to be read is not the deposition of the witness taken at the preliminary examination of this defendant." The point of the latter portion of the objection was, as shown by the record, the fact that the reporter had in several places interpolated in parenthesis certain explanatory words, such as "indicating," "Jeffers," "defendant," "showing," "addressing Jeffers," but all of these interpolations were, by order of the court, omitted in the reading of the deposition. The defendant complaining of these descriptive interpolations cannot be heard to object that they were omitted in the reading, and they were not of such a nature as to invalidate the deposition. It is not pretended that the testimony given by the witness was not correctly reported and read to the jury.

It is now urged that the deposition was not certified by the shorthand reporter who took down the testimony at the preliminary examination. The facts in this regard are precisely the same as those in the case of *People* v. *Reilly,* 106 Cal. 648, where it appeared that the deposition produced was the testimony of the witness taken down by question and answer before the committing magistrate, upon the preliminary examination of the defendant upon the charge for which he was being tried, including the cross-examination of the witness on behalf of defendant by his counsel, but the record did not affirmatively show that it had ever been transcribed by the reporter, certified by him, or filed with the county clerk. This court said: "So far as we are advised, the testimony may have been properly transcribed, certified, and filed, and this may have appeared in the deposition. And if not, specific objection on this ground should have been taken, and the record should have been made to show the facts. But the rule is, that, unless the record clearly shows error, no presumptions will be indulged that error was committed. We must presume, therefore, that the court rightly performed its duty, and that the ruling complained of was proper."

Under the provisions of section 686 of the Penal Code, the deposition of such witness could be read "upon its *being satisfactorily shown to the court* that he . . . cannot with due diligence be found within the state." The record shows that he could not be found in Stanislaus County, after inquiries made for him by an officer who knew him, "at every place and from any one that I thought perhaps would know anything about him," and that subpœnas had been sent by the district attorney to the sheriff of every county in the state, and that returns had been received from forty-six of these sheriffs, certifying that after due diligence he could not be found in their respective counties. As was said in *People* v. *Reilly,* 106 Cal. 648, we cannot say that the trial court abused its discretion in holding that due diligence had been used and that the witness could not be found.

It was sought to impeach the witness O'Donnell, whose deposition was read to the jury, by an affidavit made by him subsequent to the taking of such deposition, in which he acknowledged that the testimony given by him at the preliminary examination was not true in several material parts.

The court sustained the objection of the district attorney thereto. The same question was presented in the case of *People* v. *Compton*, 132 Cal. 484, and it was held that such testimony was inadmissible, the court saying that it knew of no rule of law justifying the impeachment of the witness under such circumstances.

Under the authority of that case, the ruling of the trial court must be approved.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.