[Crim. No. 100.    First Appellate District.—October 9, 1907.]

## THE PEOPLE, Respondent, v. PERCY PEMBROKE, Appellant.

CRIMINAL LAW—EVIDENCE—TESTIMONY BEFORE COMMITTING MAGISTRATE—ABSENT WITNESS—CERTIFICATE OF STENOGRAPHER.—The trial court may allow to be read in evidence from the transcript of the proceedings before the committing magistrate, properly certified by the stenographer appointed for the occasion, the testimony of a witness who is absent from the state. Such certificate is only *prima facie* evidence of what the testimony was, and it would be competent for the defendant to show that any other testimony was given by the witness, but where no such showing was made, the transcript will be deemed sufficient proof of his testimony.

ID.—OBJECTIONABLE MOTION TO STRIKE OUT—ANSWER OF WITNESS.—
A motion to strike out an answer of a witness as not responsive,
where a portion of it was clearly responsive, and the remainder
of the answer was explanatory, was objectionable, and was properly
denied.

ID.—IMPEACHMENT OF TESTIMONY OF ABSENT WITNESS—FOUNDATION
NOT LAID.—It was proper for the court to disallow contradictory
statements made by the absent witness whose testimony was read
from the preliminary examination, where no foundation was laid
for impeachment by such proof.

ID.—CONTRADICTION OF AGE.—Where defendant had testified on his evi-
dence in chief that he was seventeen years of age, he was not in-
jured by proof of a written application made by him for work
in which he stated that he was twenty-one years of age, where he
testified that he made the application.

ID.—CHARGE OF ROBBERY—EVIDENCE OF ALIBI—REBUTTAL.—Where a
defendant charged with robbery committed in Oakland, October
8, 1904, offered evidence of an *alibi*, by proof that prior thereto
and at the said time he was engaged in painting in San Fran-
cisco, it was proper for the prosecutor in rebuttal to contradict
such testimony by proof that he was painting in Oakland for
a week just preceding the day of the robbery.

ID.—INSTRUCTIONS—ARGUMENT—REVIEW UPON APPEAL.—The appellate
court will not review alleged errors in instructions which are not
pointed out in the brief of the appellant.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. Henry
H. Melvin, Judge.

The facts are stated in the opinion of the court.

Snook & Church, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of rob-
bery, and has appealed to this court from the judgment,
the order denying his motion for a new trial and the order
denying his motion for an arrest of judgment.

The first point raised on the appeal concerns the action
of the trial court in allowing to be read, from the transcript
of the proceedings before the committing magistrate, the
testimony of one Edward Stanley, who, it was shown, had
left the state of California, and at the time of the trial was

absent from and residing out of the state. The objection made to the reading of such testimony was that the transcript did not appear to be certified as required by subdivision 5 of section 869 of the Penal Code. From the transcript in question it appears that on the eighteenth day of July, 1906, when the magistrate read the charge to the defendant and fully informed him of his rights in the premises, one Mabel Walsh was appointed shorthand reporter for that occasion. The examination of the defendant was set for the eighteenth day of August, 1906. At the end of the statement of the proceedings had on the said eighteenth day of July appears the certificate of Mabel Walsh, as such reporter, which it is conceded is in proper form. On August 18, 1906, upon the calling of the case for examination Milton H. Schwartz was appointed shorthand reporter for the purposes of the examination. Said transcript shows that on that day Edward Stanley gave testimony on behalf of the people, and was cross-examined by the attorney for the defendant, the testimony being set forth by questions and answers. At the close of his testimony he seems from the transcript to have been excused from further attendance at the examination unless he should be notified over the telephone to the contrary. Then follows the testimony of three other witnesses. Then follows a statement as to proceedings had on several different days to which the examination had been from time to time continued, and upon none of which was any testimony taken. Next follows the certificate of Milton H. Schwartz, as such shorthand reporter, which is conceded to be in proper form. At the next calling of the case, September 22, 1906, H. W. Pulcifer was appointed shorthand reporter, and after the statement of the proceedings of the day follows the certificate of H. W. Pulcifer as such shorthand reporter, which is conceded to be in proper form. Upon the next calling of the case, September 24, 1906, Mabel Walsh was appointed shorthand reporter, and, as appears from said transcript, the only thing done was the rendering by the magistrate of his order holding the defendant to answer to the superior court. The certificate of Mabel Walsh, as such reporter, to the transcript of the proceedings of this day is (after stating her appointment), "that I did correctly take down in shorthand writing the proceedings of such decision, and transcribed the same into longhand, and that the foregoing is a full, true and correct state-

ment of such decision, and a full, true and correct transcript of my shorthand notes of the said decision.''

It will be observed that the reporter does not certify the transcript to be a ''.correct statement of such testimony and proceedings,'' as the statute requires, but that it is a correct statement of the decision. Defendant urges that for this reason the testimony of Edward Stanley should not have been read to the jury, but we do not think that this contention can be sustained. The testimony of Stanley appears in a part of the transcript which it is conceded was properly certified to. The statement of the testimony, written out and certified by the reporter, is only *prima facie* evidence of what the testimony was. The only testimony in the transcript purporting to be given by Stanley preceded the certificate of Schwartz, which it is conceded is in proper form. If Stanley gave any other testimony at the examination of defendant it would have been competent for defendant to have shown it. He did not offer or attempt to show that in fact Stanley gave any testimony other than that which he gave on the eighteenth day of September, 1906. He did not even attempt to show that any testimony was given by anybody upon the occasion when Mabel Walsh acted as reporter. The only testimony taken at the preliminary examination read under the ruling of the court was the testimony of Stanley taken on the eighteenth day of September, 1906, and this appears to have been all the testimony that he gave, for at the conclusion of his testimony he seems to have been allowed to depart.

The certificate of Schwartz to that part of the transcript containing the testimony that was read was *prima facie* evidence that the same was a correct statement of such testimony. (Pen. Code, sec. 869, subd. 5.) And it having been shown that said Stanley was absent from the state it was proper to read his testimony from such transcript. (Pen. Code, sec. 686.)

Appellant urges that the court erred in refusing to strike out an answer made by the witness White as not responsive to the question put by defendant's attorney. The motion was ''to strike out the answer as not responsive,'' and was not confined to some designated portion thereof. In any view that can be taken of the question and answer, a part of the answer was directly and categorically responsive to the question. The words ''No, sir,'' directly answered the question

put, and the explanatory matter which followed was also proper, we think, under the circumstances disclosed by the record. At any rate, the motion asked to have the entire answer stricken out, when at most only a part was objectionable, and for this reason was properly denied.

The court refused to allow defendant to prove statements alleged to have been made by Edward Stanley, whose testimony taken at the preliminary examination was read in evidence at the trial. The witness Stanley, although cross-examined at the preliminary examination by counsel for the defendant, had not been asked about the statements or the conversation which it was attempted to prove. In other words, no foundation had been laid for the impeachment of the witness, for which reason the ruling of the court was clearly correct. (*People* v. *Compton,* 132 ˚Cal. 484, [64 Pac. 849] ; *People* v. *Witty,* 138 Cal. 577, [72 Pac. 177].)

Appellant assigns as error the ruling of the court in permitting the people to introduce in evidence, over the objection of defendant, as a part of his cross-examination a written application which the defendant had made to a railroad company for work. The only purpose that we can discover in introducing the written application was to show that defendant therein gave his age as twenty-one years, although he had testified upon his direct examination that he was but seventeen years of age. Our attention has not been called to any other matter in the written application that could have possibly harmed defendant, and as to the statement in the application that he was twenty-one years of age, he had, before the written application was read in evidence, stated without objection that he had made such representation to the railroad company, and had given his explanation for so doing. He therefore could not have been injured by the reading in evidence of the statement contained in the written application, which he had already stated that he had made, even if it be conceded that proof of such inconsistent statement about his age was not proper.

In rebuttal the people were allowed to prove by the testimony of one Henry Pym that defendant was engaged in painting the house of Thomas Prather, situate on Alice street, in the city of Oakland, on September 29th, 30th and October 1st, 2d, 3d, 4th, 5th, 6th, 7th, 12th and 19th, 1904. The robbery with which defendant was charged was committed in the

evening of the eighth day of October, 1904, at the city of
Oakland, or a suburb thereof, not far from defendant's home.
For the purpose of proving an *alibi* defendant had testified
that from the latter part of September until the 19th or 20th
of October, 1904, he had been engaged in painting his
brother's house in San Francisco, and during said time only
returned to Oakland once, to wit, on October 10th. On his
behalf other testimony was given to the same effect. Of
course, all this testimony on behalf of defendant was material
and pertinent. Although the crime was committed on the
8th of October, defendant was not confined to the giving of
testimony as to his whereabouts on that day. The testimony
that he was in the city and county of San Francisco engaged
in painting his brother's house for a period covering more
than a week before and more than a week after the date of
the crime, excluded the possibility of an innocent mistake
on the part of such witnesses as to where he was on the day
of the crime. We doubt not that if the court had limited
counsel for defendant to testimony as to where defendant
was on the eighth day of October, he would have felt that his
client had been deprived of material testimony.

If it was competent and material for defendant, in his effort
to prove an *alibi* as to the eighth day of October, to prove
that he was in San Francisco continuously from September
29th to October 19th, with the exception of October 10th,
it was competent and material for the people to give evidence
contradicting such testimony. The testimony of the witness
Pym was clearly rebuttal of the testimony relied on by de-
fendant to prove an *alibi*, and the court ruled correctly in
overruling defendant's objections thereto.

Appellant closes his brief with the statement that "we also
contend that the court erred in refusing to give to the jury
the instructions and each of them asked by the defendant,
and set out in folios 93 to 102 inclusive of the transcript,"
but does not make any attempt to further elucidate his views
in that regard. This method of presenting a question to this
court certainly has the merit of brevity, if no other. It is
neither the duty, nor the practice, of this court to examine
questions thus presented, and in view of the many decisions
in this state so holding we assume that counsel did not expect
that we would. (*People* v. *Chutnacut,* 141 Cal. 682, [75 Pac.
340] ; *People* v. *McLean,* 135 Cal. 309, [67 Pac. 770] ; *People*

v. *Woon Tuck Wo,* 120 Cal. 297, [52 Pac. 833]; *People* v. *Gibson,* 106 Cal. 458, [39 Pac. 864].)

The judgment and orders are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.