[Crim. No. 160.   Second Appellate District.—August 19, 1910.]

## THE PEOPLE, Respondent, v. B. F. EDWARDS, Appellant.

CRIMINAL LAW—PROPERTY OBTAINED UNDER FALSE PRETENSES—EVIDENCE—DEPOSITION OF ABSENT WITNESS FOR PROSECUTION.—Upon the trial of a defendant charged with the crime of obtaining property under false pretenses, the deposition of a witness for the prosecution taken at the preliminary examination, whose testimony was corroborative of the prosecuting witness, was properly admitted in evidence, where it was proved to the satisfaction of the court that he was absent from the state, and could not with due diligence have been found within the state.

ID.—QUESTION OF FACT FOR TRIAL COURT.—The question whether it is satisfactorily shown that such witness cannot with due diligence be found within the state is a question of fact addressed to the trial court to be determined by it from the evidence adduced before it.

ID.—REVIEW OF DISCRETION UPON APPEAL.—With the discretion of the trial court in determining the fact of due diligence, this court will not interfere, unless the evidence thereon is such as to satisfy this court that the trial court abused the discretion confided to it in holding that diligence had been used, and that the witness could not be found.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT RULING.—It is sufficient to support the ruling of the trial court that the absent witness was in fact out of the state, and that there was evidence that search had been made for him in the endeavor to secure service of a subpoena, and that the court determined from substantial evidence that a sufficient foundation had been laid to entitle the testimony of the absent witness taken at the preliminary examination to be read in evidence. The ruling thus made upon substantial evidence cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Beardsley & Gould, and Stephen Sullivan, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of obtaining personal property of the value of $675 from one J. D. Ryan by means of false and fraudulent representations and pretenses. His appeal is from a judgment of imprisonment and an order denying his motion for a new trial. But one point is urged as ground for reversal. At the trial the prosecution was permitted, over the objection of defendant, to read in evidence, from a reporter's transcript, the testimony of R. L. Hamilton given at the preliminary examination of defendant. Hamilton, as a witness before the committing magistrate, had given material testimony corroborative of the charge made by the complainant Ryan. The district attorney represented to the court at the trial that he was unable to procure the attendance of Hamilton as a witness, for the reason that the latter could not be found. To establish the necessary foundation entitling him to read in evidence the testimony of Hamilton taken at the preliminary examination, the prosecutor called three witnesses. Mrs. Hamilton, wife of the desired witness, testified that on the Wednesday preceding the day of the trial (that being Tuesday) her husband had left for Mexico; that he told her he was going to Mexico, to which country he had contemplated going for about two weeks prior thereto; that she did not know positively where he then was, but was satisfied that he was in Mexico. It appeared further by the testimony of Arthur H. Aiken and Robert Mahel, process servers attached to the office of the district attorney, that a subpoena had been issued twenty-five days before the date of the trial for service upon Hamilton, but that no search had been made until a few days immediately before the trial to discover the whereabouts of the

14 Cal. App.—9

missing witness. It was found then that Hamilton had left his customary place of abode and had informed his wife that he was going to Mexico. Upon this evidence the trial court became satisfied that due diligence had been used in the effort to procure the attendance of the witness and that he could not be found within the state.

It is provided by section 686 of the Penal Code that the testimony of a witness heard at the preliminary examination of a person charged with crime, and taken down by question and answer in the presence of the defendant, who has an opportunity to cross-examine the witness, may at the trial be read in evidence "upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state." In the late case of *People* v. *Lewandowski*, 143 Cal. 574, [77 Pac. 467], where a contention similar to that urged here was made, the supreme court said: "The question, however, as to whether it is satisfactorily shown that such witness cannot with due diligence be found within the state is a question of fact that is addressed to the trial court, to be determined by it from evidence introduced before it (*People* v. *Plyler*, 126 Cal. 379, [58 Pac. 904]), and with the determination of that question of fact by the trial court this court will not interfere, unless the evidence thereon is such as to satisfy the court that the trial court abused the discretion confided to it in holding that due diligence had been used, and that the witness could not be found. (*People* v. *Witty*, 138 Cal. 576, [72 Pac. 177]; *People* v. *Reilly*, 106 Cal. 648, [40 Pac. 13].)"

There was evidence tending to show that the witness Hamilton was, in fact, out of the state of California; there was the further evidence that some search had been made for him in the endeavor to secure service of a subpoena. The court determined that a sufficient foundation had been laid to entitle the testimony of the witness taken at the preliminary examination, as shown by the reporter's transcript, to be read in evidence. If there was any substantial evidence to support that conclusion, the ruling cannot be disturbed. Such evidence was before the court.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.