[Crim. No. 1445. Second Appellate District, Division One.—March 1, 1927.]

## THE PEOPLE, Respondent, v. FRANK PADILLA, Appellant.

[1] CRIMINAL LAW — WITNESSES — ABSENCE FROM STATE — TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—EVIDENCE.—Under section 686 of the Penal Code, the testimony of a witness taken at the preliminary examination of a defendant may be read at the trial in the superior court upon its being satisfactorily shown that such witness cannot with due diligence be found within the state.

[2] ID. — TESTIMONY GIVEN AT PRELIMINARY EXAMINATION — SUFFICIENCY OF FOUNDATION—EVIDENCE—DISCRETION.—The decision of whether a sufficient showing has been made as a foundation for admitting in evidence the testimony given by a witness at the preliminary examination of a defendant in a criminal action, under section 686 of the Penal Code, lies within the sound discretion of the judge of the trial court.

[3] ID.—ROBBERY—WITNESSES—ABSENCE FROM STATE—EVIDENCE.—In this prosecution for robbery, the evidence was sufficient to justify

---

1. Testimony on preliminary examination of witness not available at time of trial, notes, 1 **Ann. Cas.** 471; 13 Ann. Cas. 973; Ann. Cas. 1913C, 44; Ann. Cas. 1917C, 658; 25 **L. R. A.** (N. S.) 873; 15 **A. L. R.** 495; 21 A. L. R. 662. See, also, 7 **Cal. Jur.** 931; 8 **Cal. Jur.** 125; 8 **R. C. L.** 213, 215.

2. See 8 **Cal. Jur.** 129.

3. See 8 **Cal. Jur.** 128.

the judge of the trial in concluding that a witness, who had testified at the preliminary examination of defendant before the committing magistrate, was outside the state at the time of trial, so as to make the prior testimony admissible under section 686 of the Penal Code.

[4] ID.—EFFORTS TO PROCURE ATTENDANCE—DILIGENCE—SUFFICIENCY OF SHOWING.—In such prosecution, where it was shown that the witness who testified at the preliminary examination of defendant before the committing magistrate was outside the state, at time of trial, the prosecution was not required to show an effort to secure his attendance as a witness in order to have his testimony before the committing magistrate admitted, since the law does not require futile acts.

[5] ID.—INDUCEMENT TO COMMIT SEPARATE CRIME—ENTRAPMENT—EVIDENCE—INSTRUCTIONS.—In such prosecution, the evidence was insufficient to justify an instruction to acquit defendant if he was incited or induced by others to commit the crime of robbery, where he robbed the prosecuting witness (who had with certain police officers set a trap to catch defendant as an unlawful seller of narcotics) of marked money with which she intended to pay him.

(1) 16 C. J., p. 839, n. 74.    (2) 16 C. J., p. 757, n. 45.    (4) 16 C. J., p. 758, n. 57.    (5) 16 C. J., p. 971, n. 61.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Wm. C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. M. Gordon and Antonio Orfila for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of robbery and from an order denying his motion for a new trial.

[1] The first point presented by appellant is made in connection with the introduction in evidence, over defendant's objection, of the testimony given by a certain

4.   See 8 Cal. Jur. 130; 8 R. C. L. 216.

5.   Entrapment to commit crime with view to prosecution therefor, note, 18 A. L. R. 146. See, also, 7 Cal. Jur. 884; 8 R. C. L. 127.

witness at the preliminary examination of defendant before the committing magistrate.

Section 686 of the Penal Code is authority for the rule that the testimony of a witness taken at a preliminary examination of a defendant may be read at the trial in the superior court upon its being satisfactorily shown to the court that such witness cannot with due diligence be found within the state.

It is contended by appellant that "there was no evidence introduced that showed or tended to show that the witness E. Goldbaum Padilla could not, with due diligence, be found within this state."

Specifically, it is urged by appellant that the testimony given by Helen Goldbaum Padilla to the effect that one week before the trial she received a letter postmarked at El Paso, Texas, from the witness whose testimony taken before the committing magistrate was sought to be introduced in evidence, was insufficient to meet the requirements of the statute to which reference has been had. Furthermore, that no effort was made on the part of the prosecution to secure the attendance of such absent witness.

In support of such contention appellant cites the case of *People* v. *Lewandowski*, 143 Cal. 574 [77 Pac. 467], where, among other things, it is said that on the trial of a defendant in the superior court, before allowing the deposition of an absent witness taken on the preliminary examination of such defendant to be read in evidence, the trial court should be fully satisfied by the evidence that the absent witness cannot with due diligence be found in the state. Other cases are cited to the same effect.

With reference to the foundation laid by the prosecution for the introduction in evidence of the testimony given by the witness at the preliminary examination, it was shown by the witness Helen Goldbaum Padilla, in substance, that she was the wife of the absent witness; that she and said absent witness lived happily together, and that she was conversant with his affairs; that at the time of the trial he was not at his home in the city of Los Angeles, the place where the trial of defendant was conducted, but that he was in the city of El Paso, Texas; that he left the state of California with a moving picture concern and that he had been out of the state of California for some

time; that the witness had received letters from the absent witness "from several towns," and that the last letter which she received from him was from El Paso, Texas, at a time about a week before the time when the witness was testifying; and that she did not know when her husband would return to Los Angeles, as he was in business at El Paso.

[2] The authorities appear to be unanimous in the declaration that the decision of whether in such a matter a sufficient showing has been made as a foundation for admitting in evidence the testimony given by a witness at a preliminary examination of a defendant in a criminal action lies within the sound discretion of the judge of the trial court. As an example, the following appears in the case of *People* v. *Lederer,* 17 Cal. App. 369, 374 [119 Pac. 949]: "It has been held that under the provisions of this section (686 of the Penal Code), the trial judge has discretion in determining whether or not a sufficient foundation has been laid entitling such testimony to be read in evidence, and that where there is any evidence to support the conclusion affecting that matter, the ruling cannot be disturbed on appeal. (*People* v. *Nelson,* 85 Cal. 421 [24 Pac. 1006]; *People* v. *Witty,* 138 Cal. 576 [72 Pac. 177]; *People* v. *Lewandowski,* 143 Cal. 574 [77 Pac. 467].)"

In the case of *People* v. *Lewandowski,* 143 Cal. 574, 576 [77 Pac. 467], it is said:

"The question, however, as to whether it is satisfactorily shown that such witness cannot with due diligence be found within the state is a question of fact that is addressed to the trial court, to be determined by it from evidence introduced before it (*People* v. *Plyler,* 126 Cal. 379 [58 Pac. 904]), and with the determination of that question of fact by the trial court this court will not interfere, unless the evidence thereon is such as to satisfy the court that the trial court abused the discretion confided to it in holding that due diligence had been used, and that the witness could not be found. (*People* v. *Witty,* 138 Cal. 576 [72 Pac. 177]; *People* v. *Reilly,* 106 Cal. 648 [40 Pac. 131].)"

[3] It is clear that the evidence in the instant case was sufficient upon which the judge of the trial court was justified in basing his conclusion that the witness in question

was outside the state of California at the time the trial of defendant was conducted.

[4] Regarding the point that no effort was made by the prosecution to secure the attendance of the supposedly absent witness, as was remarked by the trial judge when such question was presented to him, ''the law does not require futile acts.'' It having been made to appear that the witness was outside the state of California, it would have been useless for the prosecution to show what effort had been made by it to secure the attendance of the witness. In the case of *People* v. *Caballero,* 41 Cal. App. 146, 151 [182 Pac. 321], where a similar question was presented, the court said:

''Counsel for appellant claims that due diligence was not exercised to produce the witness Wiedenbeck at the trial of this case. The obvious reply is that when it was shown that Wiedenbeck was without the state of California, by showing he was at that time at Camp Lewis in the state of Washington, the district attorney was discharged from further obligation to produce the witness at the trial, *since there was no legal process by which he could have compelled such attendance.* We hold, therefore, that sufficient foundation was established for the introduction in evidence of Wiedenbeck's testimony at the preliminary examination, and that the court did not err in overruling defendant's objection thereto.''

[5] The further contention is made by appellant that the trial court erred in refusing to give to the jury, at defendant's request, two certain instructions in effect that if the jury should find from the evidence that defendant was incited or induced by certain persons to commit the crime charged in the information, the defendant should be found not guilty.

The evidence shows in substance that a trap had been set to catch the defendant as an unlawful seller of narcotics. The defendant agreed with a Mrs. Bryant to sell her fourteen ounces of morphine for the sum of twelve hundred dollars. It was arranged between defendant and Mrs. Bryant that the delivery of the morphine should be made at a certain time in a specified room in the Angelus Hotel in the city of Los Angeles. Thereupon Mrs. Bryant arranged with three police officers to be in hiding in a

bathroom adjoining the room in which the proposed trans-
action was to take place in order that defendant might
be then and there arrested. Near the appointed time de-
fendant went to the hotel and telephoned to Mrs. Bryant,
who was occupying a room therein, to meet him on the
mezzanine floor of the hotel, to which suggestion Mrs.
Bryant acceded. Before going to meet defendant, however,
Mrs. Bryant had obtained the sum of twelve hundred
dollars in marked currency from one of the officers, which
money was placed by Mrs. Bryant in one of the stockings
which she was wearing. After some conversation between
defendant and Mrs. Bryant, defendant suggested that the
"deal" be consummated on the mezzanine floor, which
was negatived by Mrs. Bryant, she insisting that the sale
take place in her room as previously arranged between
them. Defendant then inquired of Mrs. Bryant whether
she had the money with which to pay for the morphine;
whereupon Mrs. Bryant lifted the edge of her skirt and
showed defendant the money in her stocking. What then
occurred is well explained by the testimony given by
Mrs. Bryant as follows: "Q. And what did he say? A. He
said, all right, he would get the package, for us to walk
around the hall a ways and he would get this package.
Q. And did you walk around the hallway? . A. We went
around the hall and came to a door there. He opened the
door and shoved me back, jumped in, came back almost
immediately with a package, shoved the package under my
arm and as he did made a grab at me, grabbed me by the
arms and I fought back, and he reached down and took
the money from my stocking, and I was fighting all the
time to keep him from it. . . . Q. Did he get the money
from your stocking? A. He did. Q. You didn't give it
to him, did you? A. I did not. . . . Q. You say he struck
at you? A. He did. Q. Where did he strike you? A.
Over the chest, shoulders and face. . . . Q. When the de-
fendant got your money what did he do? A. He run down
the hall, down the stairs, through the lobby and out the
door. I ran after him."

By section 211 of the Penal Code robbery is defined as
"the felonious taking of personal property in the possession
of another, from his person or immediate presence, and
against his will, accomplished by means of force or fear."

Assuming that the jury believed the testimony offered by the prosecution, it is clear that the jury was justified in finding defendant guilty of the crime of which he was charged, to wit, robbery. Although a part of the evidence might seem to warrant the inference that in setting the trap to catch defendant in the unlawful sale of narcotics either Mrs. Bryant, or one of the police officers, or all of them, had induced or incited defendant to make such sale, the attention of this court has been attracted to no evidence from which it might be inferred that anyone had enticed or induced or incited defendant to commit the crime of robbery. It is manifest that if, in the circumstances under which the crime of which defendant was convicted was committed, the crime of murder had been committed by him, the instructions in question would have been properly refused for the reason, if for none other, that the crime charged against the defendant would have been wholly unrelated to the crime in which he was sought to be entrapped. And so it is with reference to the crime of robbery of which defendant was convicted. The robbery of Mrs. Bryant was not the crime originally contemplated. It was entirely separate and distinct from the crime in the perpetration of which the police officers hoped to ensnare defendant. If defendant abandoned the thought of selling the morphine to Mrs. Bryant and instead thereof, of his own volition, committed the crime of robbery, which was wholly disconnected from the original plan to which reference has been had, even assuming (without conceding) (see *People* v. *Heusers,* 58 Cal. App. 103 [207 Pac. 908]; *People* v. *Barkdoll,* 36 Cal. App. 25 [171 Pac. 440]; *People* v. *Tomasovich,* 56 Cal. App. 520 [206 Pac. 119]; *People* v. *Norcross,* 71 Cal. App. 2 [234 Pac. 438]) that the instruction might have been proper had defendant been on trial for the unlawful sale by him of narcotics, it is apparent that, as there was no evidence upon which to base the instruction in question, it had no place on the trial of defendant on the charge of robbery.

No prejudicial error appearing, it is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.