[Crim. No. 1558. Second Appellate District, Division One.—December 16, 1927.]

THE PEOPLE, Respondent, v. VERNON YOUNG GRACE, Appellant.

George E. Stoddard for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, and John D. Richer for Respondent.

HAHN, J., *pro tem.*—The defendant and appellant was found guilty of robbery upon each of three counts contained in an information filed by the district attorney of Los Angeles County.

From the judgment of conviction and an order denying his motion for a new trial he makes this appeal, and urges three grounds for a reversal.

First. That the court erred in refusing his request that the trial of his case be transferred from department 28 of the superior court, sitting at Long Beach, to some department of a superior court sitting in Los Angeles city.

Second. That the evidence in the case is insufficient to support the verdict of guilty.

Third. That the court erred in permitting the district attorney to read the testimony of one Mrs. McClure, given at the preliminary examination.

■ Upon the first point counsel for appellant contents himself with a brief statement that "the facts presented upon the motion for a transfer of said cause raised an issue of fact which should have resulted in the granting of the motion for defendant." The only facts presented on this point, according to the record, are contained in a short affidavit of defendant's counsel that he was attorney for the defendant in a previous trial of the case, and at that time "there was great difficulty experienced in drawing a jury to try the said issue, by reason of local prejudice against the said defendant; that affiant is informed and believes and upon such belief alleges that it would be impossible to draw a jury from any panel drawn from the city of Long Beach, before whom this defendant could secure a fair and impartial trial."

Conceding, for the moment only, that section 1033 of the Penal Code is susceptible of the interpretation which appellant places on it, so as to entitle one about to be tried in one department of the superior court of a county that may be sitting in one portion of the county to have his case transferred for trial to another department of the same superior court sitting in another part of the county, there is lacking that showing of conditions which would prevent him from having a fair and impartial trial in the department where his case is set for trial. Section 1034 of the Penal Code requires such a showing of matters which, if true, would justify the court in finding that the defendant could not have a fair and impartial trial. Manifestly, the affidavit presented as a basis for the motion does not begin to meet the requirements of the statute.

■ As to the second point urged—the insufficiency of the evidence to support the verdict—appellant's argument consists in the main of an attack upon the evidence of certain witnesses for the state, claiming that little weight should be given to their testimony because of some conflict in their statements as to the occurrences at the time of the hold-up, and further because of the fact that both men who committed the robbery were masked. An examination of the transcript discloses that the sole defense of the

defendant was that of an alibi, and he contends that there was an insufficient identification of him as the one who committed the robbery to give support to the verdict of conviction. No good purpose would be served by a detailed consideration of the testimony and other evidence offered on this issue. It suffices to say that the evidence was in sharp conflict, and the jury evidently believed the witnesses who were present at the time of the robbery and who identified the defendant as one of the two who committed the crime, and disbelieved the defendant's own testimony with regard to his being in San Diego at the time of the robbery. Neither dissertation nor citations are necessary to support the proposition that under these circumstances this court will not set aside the finding of the jury.

█ The third point urged raises the question as to whether a sufficient foundation was laid in order to permit the reading of the testimony of a witness, Mrs. George A. McClure, for the state. Mrs. McClure was one of the persons in the room at the time the robbery was committed, and was a witness for the state at the preliminary examination. At the time of the trial the district attorney stated that Mrs. McClure was out of the state and by reason of her absence he offered her testimony given at the preliminary examination. In support of his offer the district attorney put on the stand one J. D. Hunter, who testified that he was employed by the district attorney's office as a process server; that about two weeks before the trial he received the subpoenas for service upon the witnesses for the state, among them being a subpoena for George A. McClure and one for his wife, Mrs. George A. McClure; that he called upon Mr. McClure at his office and was told by Mr. McClure that Mrs. McClure was then sick in bed; that he did not attempt to serve her at that time. On a second occasion, it does not appear how long after the first, he again interviewed Mr. McClure at his office concerning his wife's condition, and was again informed by Mr. McClure that his wife was still sick in bed. On a third occasion, again the exact time not appearing, but apparently a week or longer before the trial, the process server again undertook to serve a subpoena upon Mrs. McClure and was then informed by Mr. McClure that his wife, Mrs. McClure, was out of the state, and would continue out of the state

for some days. In addition, the district attorney put upon the stand George McClure, the husband of the desired witness, who testified that his wife at that time was in Denver, Colorado; that she had left the state of California more than a week prior to the date of the trial. The return of the subpoena issued for Mrs. McClure showed that on August 23d, a week prior to the commencement of the trial, when he attempted to serve her, she was out of the state of California. The court overruled the objection of the defendant to the reading of the testimony of Mrs. McClure, and this ruling appellant assigned as error.

It conclusively appears that at the time of the trial, and for at least a week prior thereto, Mrs. McClure was out of the state of California and in Colorado, and hence not amenable to legal process that would compel her to attend as a witness in the case. (*People* v. *Caballero,* 41 Cal. App. 146 [182 Pac. 321].)

Appellant urges that Hunter, the process server, did not show due diligence in subpoenaing Mrs. McClure, in that he accepted the statement of Mr. McClure, her husband, two weeks before the trial, that Mrs. McClure was home sick in bed, when as a matter of diligence Hunter should have gone to the residence of Mrs. McClure and in some way served her with process before she left the state. It is well settled that the question of the exercise of due diligence in securing the attendance of a witness at a trial is one addressed to the discretion of the trial court and to be determined on the evidence introduced before the court. Unless the evidence is such as to satisfy this court that the trial court abused its discretion its determination of the matter will not be disturbed. (*People* v. *Padilla,* 81 Cal. App. 528 [254 Pac. 585]; *People* v. *Lewandowski,* 143 Cal. 574 [77 Pac. 467].)

We are of the opinion that no error was committed by the trial court in its ruling that permitted the reading of the testimony given by Mrs. McClure in the preliminary examination.

No error appearing, it is ordered that the judgment and order denying the motion for a new trial be, and they hereby are, affirmed.

Conrey, P. J., and York, J., concurred.