[Crim. No. 1778. Second Appellate District, Division One.—July 20, 1929.]

THE PEOPLE, Respondent, v. JOHN THOMAS, Appellant.

Utley & Nuffer for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of assault with a deadly weapon, and from an order denying his motion for a new trial.

The first point presented by appellant for a reversal of the judgment is that on the trial of the action the trial court erred in permitting the deposition of a certain witness given at the preliminary examination of defendant to be read in evidence, in that prior to the offer to read such deposition in evidence due diligence was not shown to have been exercised by the prosecution in attempting to locate the witness within the jurisdiction of the trial court. In that connection the record discloses that a deputy sheriff gave testimony to the effect that, in order to serve a subpoena upon the witness in question he had made various inquiries among several of the friends and acquaintances of the witness in the neighborhood of his former place of residence and was informed by them that the witness was no longer a resident of the state. As no adverse evidence was offered, notwithstanding the fact that some other evidence was received, particularly with reference to the sending of a telegram by the district attorney addressed to the absent witness at his supposed place of residence without the state, together with the receipt of a reply to such telegram from some third person—to all of which defendant objected, and as to which there well might be proper question as to its admissibility—it is manifest that in permitting the deposition of the witness taken upon the preliminary examination of defendant to be read to the jury the trial court did not abuse its discretion and therefore that its ruling in the matter cannot be disturbed by this court. (8 Cal. Jur. 129, and cases there cited; *People* v. *Lewandowski*, 143 Cal. 574, 576 [77 Pac. 467]; *People* v. *Reilly*, 106 Cal. 648 [40 Pac. 13]; *People* v. *Leavens*, 12 Cal. App. 178, 184 [106 Pac. 1103]; *People* v. *Edwards*, 14 Cal. App. 128, 130 [111 Pac. 263]; *People* v. *Lederer*, 17 Cal. App. 369, 373 [119 Pac. 949]; *People* v. *Poo On*, 49 Cal. App. 219, 223 [192 Pac. 1090]; *People* v. *Padilla*, 81 Cal.

App. 528, 531 [254 Pac. 585] ; *People* v. *Clayton*, 89 Cal. App. 405 [264 Pac. 1105].) ██ Moreover, the testimony given by such witness was but cumulative of that given by other witnesses and largely corroborated by the testimony of defendant. It follows that no prejudicial error was committed by the trial court in that regard.

██ Appellant also complains that the trial court refused to give to the jury an instruction offered by defendant to the effect that, although defendant was charged with the offense of assault with a deadly weapon, it was within the power of the jury to find defendant guilty of simple assault. With reference to such specification of error, appellant cites the record herein, which contains evidence from which it might be concluded that immediately prior to the commission by defendant of the offense specified in the information, defendant had committed a simple assault on the same person whom, according to the allegation in the information, he had thereafter assaulted with a deadly weapon; and it is appellant's contention that had the jury believed the testimony given in behalf of defendant a verdict might have been rendered by which defendant would have been acquitted of the crime of assault with a deadly weapon, although at the same time he might have been convicted of the offense of a simple assault.

Referring to the information herein, it is noticed that defendant was charged with the commission of assault with a deadly weapon, " . . . by shooting with a loaded firearm, wilfully, unlawfully and feloniously, in and upon the person of another, to-wit, Sam McGee, . . . which said assault was likely to and did produce great bodily injury to and upon the person of said Sam McGee." It is apparent that the gist of the accusation was that defendant unlawfully *shot* Sam McGee. If the charge of the unlawful commission by defendant of the acts constituting the crime were substantiated, he was guilty of the offense charged and no other. Consequently, a verdict of guilt as to the lesser, included, offense would have been wholly inimical to the facts and the law with reference thereto. There could be no room for a compromise verdict. In the case of *People* v. *Albori*, 97 Cal. App. 537 [275 Pac. 1017], a question identical with that here under consideration was involved. After a careful consideration of the authorities of this state bear-

ing upon similar situations as to the facts, the court reached the conclusion that no error was committed by the trial court in refusing to give the requested instruction to the jury. Included within the language of the opinion may be found the following: " . . . There are numerous authorities to the effect that where the evidence is such as to make it clear that if the defendant is guilty at all he is guilty of the offense charged and not of any included offense, that it is proper to refuse to instruct the jury that they may convict of an included crime. (Citing authorities.) . . . Had it been established beyond any doubt that the appellant had fired the pistol which injured Conterno and Judson, a refusal to instruct on simple assault would have been proper under the authorities cited. . . . The indictments charged the appellant with having fired the shots, and with nothing else; the people were limited by their choice of words to proof of an offense not less than 'assault with a deadly weapon.' ''

On trial of the instant case defendant admitted that he fired the shot that struck McGee. Since he was on trial for that act alone, it necessarily follows that he was either guilty of the crime of which he was charged, or in that connection that he was guilty of the commission of no criminal offense whatsoever. The conclusion results that no error was committed by the trial court in refusing to give to the jury the instruction to which reference has been had.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and Hollzer, J., *pro tem.*, concurred.