[Crim. No. 2956.   Second Appellate District, Division One.—April 8, 1937.]

THE PEOPLE, Respondent, v. JACK GREENWELL et al., Defendants; CHARLES P. RUSSO, Appellant.

George E. Stoddard for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—In each of two counts that were contained in an information, defendant Russo and one Greenwell were charged with the commission of the crime of robbery.   On

the trial of the action Greenwell pleaded guilty as to count I, and thereupon the charge which theretofore had been preferred against him in count II was permitted to go "off calendar" as to him only. After all the evidence had been introduced, and before the case had been submitted to the jury, in pursuance of a motion made by the district attorney, the trial court dismissed the action as to count II as it affected defendant Russo. But as to count I, Russo was convicted. He appeals from the ensuing judgment, as well as from an order by which his motion for a new trial was denied.

The conviction of the appealing defendant depended nearly entirely upon testimony that was given by one Rowley. For the reason that on the date when the trial took place the said witness was outside the state of California and consequently was beyond the jurisdiction of the trial court, the testimony of said witness, as it was given at the preliminary examination of the defendants, was read to the jury. In that connection, on the ground that the foundation for such proposed impeachment had not been laid, defendant Russo's offer to impeach certain material statements of fact that were made by the said witness in his testimony was refused. However, appellant contends that, conceding that no attempt was ever made by him to lay the required foundation for such impeachment, for the several reasons that at the time when the preliminary examination of defendant was held, he had no knowledge as to what testimony the witness Rowley would give against him, nor any information regarding any person by whom he might produce evidence that would impeach certain or any of the material testimony that was given by the said Rowley; also, that by reason of the absence of said witness from the trial of the action, defendant was prevented from laying a proper foundation for a proposed impeachment of Rowley's testimony,—the rule prescribed by the provisions of section 2052 of the Code of Civil Procedure should not be given application. In support of that contention, appellant asserts his inability to furnish this court with any authority. On the other hand, in like situations, many judicial decisions adhere strictly to the rule that is so definitely announced by the language of the statute. (*People* v. *Compton,* 132 Cal. 484 [64 Pac. 849]; *People* v. *Witty,* 138 Cal. 576 [72 Pac. 177]; *People* v. *Seitz,* 100 Cal. App. 113, 117 [279 Pac. 1070]; *People* v.

*Garnett*, 9 Cal. App. 194 [98 Pac. 247]; *People* v. *Pembroke*, 6 Cal. App. 588 [92 Pac. 668].) It therefore follows that notwithstanding the possible disadvantage which, in the circumstances, defendant may have suffered in the matter, the point which he presents in that regard is legally untenable.

■ Appellant assigns as constituting further prejudicial error the fact that although after all the evidence had been introduced on the trial of the action, on motion of the prosecuting attorney the charge against defendant that was contained in count II of the information was dismissed, the trial court theretofore had refused to grant defendant's motion to strike from the record all evidence that tended to support that count. In that regard, it is not urged that the questioned evidence originally had not been properly admitted against defendant. It therefore becomes apparent that at the time when the motion to strike was made it was properly denied.

The judgment and the order by which defendant's motion for a new trial was denied are affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1937.