[No. 20337. In Bank. — September 15, 1887.]

# THE PEOPLE, RESPONDENT, *v.* LATON TIPTON, APPELLANT.

CRIMINAL LAW — LARCENY — RECEIVING EVIDENCE OUT OF COURT — NEW TRIAL. — The defendant was convicted of grand larceny in stealing a cow. On the trial, the prosecution offered in evidence the horns of an animal, which had no peculiar marks upon them, but which were identified by certain of its witnesses as the horns of the stolen cow. During a recess of the court, while the judge and a portion of the jurors were absent, one of the jurors picked up and examined the horns, held them in his hands for some time, turned them over and looked at them. *Held*, that the examination made by the juror did not amount to receiving evidence out of court, so as to warrant a new trial under subdivision 2 of section 1187 of the Penal Code.

ID. — LARCENY OF COW — FAILURE TO PRESERVE HIDE AND HEAD — INSTRUCTION. — On the trial, the prosecuting witness testified that on the day after the larceny he found, in the possession of the defendant, certain pieces of the cow's hide and her horns and skinned head. The court subsequently instructed the jury, in the language of section 3185 of the Political Code, that " all persons slaughtering cattle must keep the hides, with the ears attached, for fifteen days, and all persons hav-

ing such hides in their possession must exhibit the same for examination, on demand being made by any person." *Held,* that the instruction was erroneous, as its effect was to invoke against the defendant the commis-, sion of another crime for the purpose of establishing his guilt of the larceny.

ID. — PROOF OF VENUE — VERDICT — BILL OF EXCEPTIONS. — The bill of exceptions, after setting forth the title of the cause, the county in which the action was brought, and a copy of the information, stated the substance of the testimony of the prosecuting witness, to the effect that the larceny was committed "in said county and state." *Held,* that the evidence of the county in which the offense was committed was sufficient to sustain a verdict of conviction.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Zue G. Peck, H. C. Rolfe, Harris & Gregg,* and *Hight & Damron,* for Appellant.

*Attorney-General Johnson,* and *A. B. Paris,* for Respondent.

SEARLS, C. J. — The defendant was charged with one Atkins with the crime of grand larceny, for the felonious taking and stealing a cow, the property of one J. M. Corbett.

Defendant was convicted, and appeals from the judgment and from an order denying a new trial.

It appears from the record that at the trial the prosecution offered in evidence the horns of an animal claimed by the witnesses to be the horns of the stolen cow, and that during a recess of the court, and in the absence of the judge and a portion of the jurors, J. V. Gilbert, one of the jurors, picked up and examined said horns, held them in his hands for some time, turned them over, and looked at them.

This conduct is assigned as a cause for which a new trial should have been granted, under subdivision 2 of section 1187 of the Penal Code, which provides that the

court may grant a new trial "when the jury has received any evidence out of court other than that resulting from a view of the premises."

The prosecuting witness had identified the horns as those of his cow, and they were in evidence as such, but there was nothing peculiar about them so far as appears, and their identification depended entirely upon the general statement by the witness that they were the horns of the cow he had lost.   Under such circumstances, it is hard to discover how an examination of them by the juror amounted to evidence in the case.   Evidence is that which tends to prove or disprove any matter in question, or influence the belief respecting it.

Viewed by themselves, the horns proved nothing except their existence as such, and that was not a material fact in the case.   The evidence depended upon the credit to be attached to the statement of the witness, that they were the horns of his cow, and that statement was not strengthened by an examination of the horns by the juror.   Had the witness described the horns and certain peculiarities possessed by them, and then presented them in support of his claim that they were the horns of his animal, it might at least be plausibly urged that comparing them with the testimony afforded evidence, but nothing of the kind was attempted so far as appears from the record.

We are of opinion the examination made by the juror did not amount to receiving "evidence out of court," within the meaning of the statute.

There was evidence tending to show that the larceny was committed in the county of San Bernardino.

The bill of exceptions commences with the title of the cause, and proceeds as follows:—

" State of California, County of San Bernardino, *ss.*

" Be it remembered that the above-named defendants were jointly informed against by the district attorney of San Bernardino County, state of California," etc.

The bill of exceptions only purports to give the substance of the testimony of the witnesses. In detailing the testimony of J. M. Corbett, the complaining witness, the following language is used:—

"J. M. Corbett, the complaining witness, being first duly sworn, testified as follows:—

"'That on the second day of April, 1887, I was the owner and in the possession of a certain black milch cow, which on said day was stolen from Metcalf's field, where I had staked her out, in said county and state. I last saw her there about six o'clock in the evening of April 2d, when I milked her. I found the next morning, at Tipton's slaughter-house, in said county and state, certain pieces of the cow's hide, and her horns and head, which was skinned, which I identified,'" etc.

Were this a pleading, the allegation as to venue would be sufficient, and as evidence it furnishes some proof of the county in which the offense, if any, was committed.

The verdict was not, therefore, for this reason contrary to evidence, and as upon other points there was ample evidence to sustain a conviction, the contention under this head needs no further consideration.

The giving of the following instruction is assigned as error:—

"All persons slaughtering cattle must keep the hides, with the ears attached, for fifteen days; and all persons having such hides in their possession must exhibit the same for examination, on demand being made by any person."

The instruction is in the language of section 3185 of the Political Code.

This section is assailed by the appellant as being in violation of section 19 of article 1 of our state constitution, which guarantees the rights of the people "in their persons, houses, papers, and effects against unreasonable seizures and searches."

Treated as a police regulation, we are not prepared to

say, without a more complete showing than is here presented, that the regulation is so unreasonable as to render it void.

But as applied to the case at bar an equally serious question arises.

There is no penalty whatever affixed to a violation of section 3185, and if any liability can accrue from such violation it must be established in a civil action in favor of a party injured thereby.

A failure to comply with the requirements of the statute is not made a crime, or the evidence of a crime; and as it had no application to the case on trial, the instruction should not have been given.

It may be claimed, however, that the instruction contained a mere enunciation of an existing law, from which the defendant was not injured.    But is this true in the present case?    Would not the jury be most likely to draw an inference of guilt from the fact that the hide in question was not preserved, coupled with the instruction given?

The facts, so far as they appeared in reference to the disposition of the property alleged to be stolen, or any part thereof, were proper to be considered by the jury in determining the guilt or innocence of the defendant.

They were evidence to be considered.

The statute in question was not evidence on the point, and yet, as given, we think it was likely to be taken by the jury as an important factor in the problem of guilt or innocence.

It is a familiar doctrine of the common law that a defendant can only be convicted of the crime with which he is charged, or of a lesser crime included in such charge, and that evidence of his having committed another and distinct offense is not to be received for the purpose of rendering it probable that he is guilty of the offense charged.

If he has violated every law of the land except that in-

volved in the charge against him, it cannot be shown to enhance the probabilities of his guilt. Yet in this case, a violation of section 3185 is invoked against defendant to aid in establishing his guilt under an information for larceny.

If he is guilty, it is because he committed grand larceny, and not because he violated section 3185.

The judgment and order appealed from should for this cause be reversed.

There is a portion of the charge given by the court not entirely free from objection, viz., that wherein the jury are informed that circumstantial evidence is legal evidence, "therefore, if you are satisfied beyond a reasonabe doubt, by the reasoning of common sense, by which men of common sense are guided in forming their opinion as to the conduct of others, that the defendant committed the offense in manner and form," etc., "you are bound to convict," etc.

Common sense is a valuable adjunct in reasoning, and in the deduction of facts from testimony, but the jury should be satisfied of the guilt of a defendant from the evidence, and the "reasoning of common sense" can never authorize a conviction in the absence of testimony. No doubt the court below intended to inform the jury, in substance, that in deducing facts from the testimony, they should pursue the methods followed by men of common sense.

The language used was probably a mere oversight, and while perhaps not very material, may better be corrected.

The judgment and order appealed from are reversed, and a new trial ordered.

SHARPSTEIN, J., McFARLAND, J., TEMPLE, J., McKINSTRY, J., and THORNTON, J., concurred.