## BURRELL HENDRICKS v. THE STATE.

*No. 2903.    Decided March 8.*

1. **Practice—Evidence.**—The rule is statutory that the trial court shall permit testimony to be introduced at any stage of the trial before the conclusion of argument. It is a matter confided to the discretion of the trial judge, and his action will not be revised unless it plainly appears that he abused his discretion.

2. **Same—New Trial.**—"Where the jury, after having retired to deliberate upon a case, have received other testimony," etc., is one of the grounds enumerated in article 777 of the Code of Criminal Procedure as entitling a convicted defendant to a new trial. But in order to entitle the defendant to a new trial upon this ground the testimony or other matter received in evidence by the jury after retirement must be of such character as would probably influence the verdict. In this case the clothes worn by the deceased when shot were inadvertently left in the room, which was afterwards assigned to the jury when deliberating upon their verdict, and the said clothes were inspected by the jury. The said clothes, however, afforded no other evidence than had been adduced on the trial, and the jurors testified on the hearing of the motion for new trial, not only that the inspection of the clothes did not affect their verdict, but that they had individually made up their minds before the said inspection of the clothes. *Held*, that under the circumstances the defendant was not prejudiced, and the motion for new trial was properly overruled.

APPEAL from the District Court of Robertson.    Tried below before Hon. J. N. Henderson.

This conviction was for murder in the second degree, and the penalty assessed by the verdict was a term of five years in the penitentiary.

So far as the facts are involved in the rulings, they are sufficiently stated in the opinion of the court.

*W. I. Purdon,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted in the lower court of murder of the second degree.

Two supposed errors are relied upon for a reversal of the judgment.

The first is that after appellant had closed his testimony the State called a witness in rebuttal, which witness was permitted, over objection of defendant, to testify in full as to all the facts in regard to the homicide from the beginning of the difficulty to its end. The objection was that the said witness, being called in rebuttal, could only legally testify to matters in rebuttal, and could not testify to other independent matters, or generally as a witness in the case. Our statute provides that "the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice." Code Crim. Proc., art. 661. This matter is confided to the discretion of the court, and its action will not be revised unless it plainly appears to have been abused. Willson's Crim. Stats., sec. 2312; Farris v. The State, 26 Texas Ct. App., 106; Testard v. The State, Id., 260; and Nalley v. The State, *ante*, 387.

The second supposed error complained of is that the court overruled defendant's motion for a new trial. Amongst the various enumerated statutory causes for a new trial set forth in article 777, Code of Procedure, the seventh subdivision is "where the jury, after having retired to deliberate upon a case, have received other testimony," etc. This statute in this particular has always been construed to mean that the testimony or other matter received by the jury after their retirement, in order to demand the granting of a new trial, must be such as would probably influence the verdict. Willson's Crim. Stats., sec. 2543; McKissick v. The State, 26 Texas Ct. App., 673; Lucas v. The State, 27 Texas Ct. App., 322.

As bearing upon the question as here presented, the facts proved on the motion for a new trial were, substantially, that the clothing worn by the deceased at the time of the homicide had been left inadvertently by some one in the room which the jury subsequently occupied whilst deliberating upon their verdict. Some one of the jurors picked up one of the garments, when the sheriff or bailiff in attendance upon them, and who happened to be present at the time, remarked that the clothing was that which the deceased had on when he was killed. The clothing was then examined by the jury, and its condition and appearance commented upon before they had arrived at a verdict. But each of the jurors who testified as to the matter on the trial of the motion for a new trial stated positively and emphatically that the examination of said clothing did not in any manner affect or influence his verdict, but on the contrary, that his verdict was made up alone from the evidence heard from the witnesses upon the stand. The clothing showed that deceased had been shot in the back. The fact that he had been shot in the back was testified to by other witnesses, and admitted by defendant, who testified on the trial. In explaining the bill of exceptions saved by defendant in relation to this matter the learned trial judge says: "The evidence submitted of the jurors it is agreed is a statement of what actually occurred as to all the jury. The jurors all

state that the clothing had nothing to do with their verdict, and it is the opinion of the court that the examination of the clothes did not prejudice the case with the jury.    As to the shot holes in the back of the garments, it would of course be impossible to tell whether the same were produced by the first or the last shot.    Dr. Jones and the defendant both testify as to a shot in the rear, and the shot holes in the back of the garments correspond to evidence both of State and defendant; * * * and it is the opinion of the court, after reviewing the whole case, that the exhibition of the clothes in the jury room could not have operated to the prejudice of any right of the defendant, this opinion being corroborated by the statements of the jurors themselves."

The precise question here presented has never been before the courts of this State.

In McCoy v. The State, 78 Georgia, 490, it was held that "for the jury, without the knowledge or consent of the prisoner, and without leave of the court, to receive and keep in their room, whilst deliberating on the case, the gun with which the State contends the homicide was committed, and the coat worn by the deceased at his death, and pierced with the fatal shot, is unwarranted by law." But that case was reversed upon other grounds.

In California the statute with regard to new trials where the jury has received evidence out of court is substantially similar to ours.    The case being tried was libel, based upon a single paragraph, embracing two or three lines only, of a pamphlet which contained many pages of libelous matter.    On retiring for deliberation the jury found the pamphlet in their room, and read portions of it besides the libelous matter charged.    It was held that this entitled the defendant to a new trial.    People v. Thornton, 74 Cal., 482.

In another case before the same court, it was shown that " on the trial the prosecution offered in evidence the horns of an animal which had no peculiar marks upon them, but which were identified by certain of its witnesses as the horns of the stolen cow.    During a recess of the court, while the judge and a portion of the jurors were absent, one of the jurors picked up and examined the horns, held them in his hands for some time, and turned them over and looked at them.    It was held that the examination made by the juror did not amount to receiving evidence out of court so as to warrant a new trial.    People v. Tipton, 73 Cal., 405.

In the case of Titus v. The State, where the jury after their retirement procured a magnifying glass and with it examined the wooden fibers sticking to the dress of the murdered woman and compared them with those of a wooden platform, both the dress and platform having been introduced in evidence and sent with them to their room by the court, it was held that "the entire identity of appearance of these wooden filaments was an undisputed fact in the case, and the jury therefore knew such fact as well

before making their test as they did afterwards. * * * If there had been conflicting evidence touching the matter looked into by the jury, the present motion would have assumed a very different aspect; but as these facts stand we are entirely satisfied that the irregularities did not in the faintest degree prejudice the defendant, nor did they even tend to do so." Titus v. The State (New Jersey S. C.), 9 Crim. L. Magazine, 353.

In the case in hand there was no conflict as to the fact that deceased had been shot in the back. The clothing examined by the jury only showed the same fact. The jury swear they decided the case without reference to the appearance of the clothing; in other words, that they did not receive or use the clothing as "other testimony" in the case. We can not under these facts see how the defendant could possibly have been prejudiced, or how it can be said that the verdict was probably influenced in the premises. That the conduct of the jury in examining and discussing the appearance of the clothing was an irregularity, we can not deny, but we do not believe it to be such an irregularity as would authorize us to set aside the verdict and judgment, and so believing, the judgment is affirmed.

*Affirmed.*

Hurt, J., absent.