[Crim. No. 1149.  Department Two.—September 20, 1904.]

## THE PEOPLE, Respondents, v. THOMAS BARKER, Appellant.

CRIMINAL LAW—BURGLARY—PROVINCE OF JURY—SUPPORT OF VERDICT.— Upon a prosecution for burglary, though the evidence presented room for plausible argument to the jury that it was not sufficient to warrant a verdict of guilty, yet where there was evidence tending to show defendant's guilt sufficient to put that question fairly within the province of the jury, their verdict will not be disturbed for insufficiency of the evidence to support it.

ID. — EVIDENCE — DEPOSITION OF WITNESS —- PROOF OF ABSENCE FROM STATE—DECLARATIONS AND LETTERS.—There was no error, upon such prosecution in admitting the deposition of a witness taken at the preliminary examination, upon proof of his absence from the state, by his declarations that he was about to leave this state for Seattle, in the state of Washington, to engage in business there, and proof of the reception of letters from him at Seattle in regard to his business there, and that he was not afterwards to be found within this state.

ID.— ISSUANCE OF SUBPŒNA — SIGNATURE.— The admission in evidence of a subpœna issued to an officer by the district attorney, addressed to the absent witness, for the purpose of formally showing that it could not be served upon him owing to his absence from the state, over the objection that it was not properly signed, cannot be material.

ID.—PROOF OF MARRIAGE IN COUNTY JAIL.—A question put to the wife of the defendant as to where she was married to the defendant, to which she responded that she was married to him in the county jail, whether or not the question was strictly proper, was not prejudicial to the defendant, where it appears that the marriage was subsequent to the burglary, and after the arrest of the defendant.

ID.—ADMISSION IN EVIDENCE OF STOLEN PROPERTY—OBJECTION GOING TO WEIGHT OF EVIDENCE.—The property stolen at the time of the burglary was properly admitted in evidence where it was found, within an hour or two after the burglary, in the rooms occupied by the defendant and the woman who afterwards became his wife. The objection that an adjoining room, connected with defendant's rooms by a door, was occupied by two other persons, who had access to defendant's rooms, goes only to the weight of the evidence, and not to its admissibility.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  William P. Lawlor, Judge.

CXLIV. Cal.—45

The facts are stated in the opinion of the court.

Frank J. Murphy, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

McFARLAND, J.—The defendant was convicted of burglary and sentenced to imprisonment in the state prison. He appeals from the judgment and from an order denying his motion for a new trial. He asks for a reversal upon the grounds,—1. That the verdict is not supported by the evidence; and 2. That the court committed errors during the trial in ruling upon the admissibility of evidence.

1. The first ground is not tenable. The evidence presented some room for a plausible argument to the jury that it was not sufficient to warrant a verdict of guilty; but there was evidence tending to show defendant's guilt sufficient to put that question fairly within the province of the jury.

2. We do not think that there should be a new trial for any asserted error in ruling upon the admissibility of evidence. The only point under this head which calls for any considerable discussion arises on the alleged error in admitting in evidence the testimony of August Amiot which had been given at the preliminary examination. The witness Braig, a police officer, testified that Amiot bade him good-by in San Francisco, where he had been living, and told him that he was going to Seattle, in the state of Washington, to engage in business there. The exact date of this conversation is not given, but it was between the date of the burglary and the time of the trial. Braig also testified that he had never seen Amiot afterwards in San Francisco, where he had formerly resided, and that he had made inquiries for him at the places where he had formerly resided and frequented, and failed to find him. John B. Amiot, who is a brother of said August Amiot, testified, first generally, without objection, that August resided in Seattle, and afterwards that he had received letters from August from Seattle, and that the last letter so received was about seven or eight days before the trial, in which he stated that he was to go to Idaho, traveling for his firm, and would be back at Seattle in about eight days. This evidence warranted the court in finding that the

witness was absent from the state, and in allowing his testimony given at the preliminary examination to be introduced. It was stronger than that held sufficient in *People* v. *McIntyre,* 127 Cal. 427, and *People* v. *Goodrich,* 142 Cal. 220-221. But appellant objected to the testimony of John B. Amiot that he had received letters from his brother from Seattle upon the ground that it was hearsay. This ground of objection is not tenable. The testimony of John B. was not itself hearsay; it was testimony to the fact that he received certain letters from his brother from a place outside the state; and the fact that August wrote letters from Seattle at certain times was admissible as a fact tending to show that he was there at those times. These letters were apparently written in the ordinary course of things, and there is nothing to raise a suspicion that they were not in fact written at Seattle, or that they were sent there from some other place to be mailed there, to meet some emergency and to accomplish some fraudulent intent. It is presumed that "a person is innocent of crime or wrong," that "private transactions have been fair and regular," and that things have happened "according to the ordinary habits of life." (Code Civ. Proc., sec. 1963.) These letters sent by Amiot from Seattle were concurrent acts tending to show his presence there—not narratives of past events; and they were clearly admissible as evidence of his presence there within the rule stated in sections 108, 162c, and 162d of Greenleaf on Evidence (16th ed.). In section 108 the author says that declarations of a person are admissible as evidence that he "is upon a journey, or leaves his home, or returns thither, or remains abroad" (and see cases cited in notes to said section 108). In *King* v. *McCarthy,* 54 Minn. 190, a case quite similar to the one at bar, the question was whether there was sufficient evidence of the absence of one Bell to warrant the introduction of his testimony at a former trial. And the court in summing up the evidence— which was held sufficient—says that "his brother in St. Paul had since his departure received frequent letters from him dated at Chicago, New York, Indiana, Kansas City, and St. Louis, the latest being from the last-named place about two weeks previously." And the court says "whether he intends to return is a fact only positively known to himself and upon this question his declarations are admissible." And the court

further says: "We do not understand that the competency of evidence upon a preliminary question of this kind, which is, to a certain extent, addressed to the sound discretion of the court, is governed by the same strict rules which apply to the admission of evidence upon the issues in the case. Any thing which will reasonably satisfy the court that the absent witness is not likely to return within the jurisdiction of the state may be admitted."

A paper purporting to be a subpœna issued by the district attorney and addressed to the absent witness and given to an officer was admitted in evidence over the objection of appellant that it had not been properly signed; but this was an entirely immaterial matter. If the witness had been served, and he had refused to obey the subpœna, its sufficiency on contempt proceedings might have been important. It was evidently issued merely for the purpose of formally showing that it could not be served on account of the absence of the witness, which absence was well known to the prosecution.

Appellant's wife was asked by the prosecution, over objection, where she was married to appellant, and answered that she was married to him in the county jail. Whether or not this question was strictly proper, it certainly was not under the circumstances of sufficient importance to have been prejudicial to the appellant. It abundantly appeared from the testimony of both sides, and was uncontradicted, that the witness was not married to appellant at the time of the burglary, but was married to him afterwards, and after his arrest. The fact that the marriage took place in the county jail, where appellant was presumably confined, was a matter, considering the other facts above referred to, which could not have had any additional effect upon the jury.

Appellant objected to the introduction in evidence of the stolen property. This property was found in the rooms occupied by the appellant and the woman who afterwards became his wife, within an hour or two after the burglary; and the objection was on the ground that an adjoining room, connected with appellant's rooms by a door, was occupied by two other persons who had access to appellant's rooms, and therefore appellant was not in exclusive possession of the room in which the property was found. This objection is not ten-

able; it goes only to the weight of the evidence and not to its admissibility.

There are no other points necessary to be considered. The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.