[No. 14875. Department One. January 17, 1919.]

RUTH MASON, *Appellant*, v. JOHN A. YEARWOOD *et al.*, *Respondents.*[1]

WATERS AND WATER COURSES (61, 62)—PRESCRIPTIVE RIGHTS—EXTENT—LACHES—ESTOPPEL. Where an owner, entitled by prescription to seepage waters for irrigation, for years delayed to establish her rights, refused to accept the waters through a closed drain and stood by for years while adjoining lands were drained and reclaimed at great expense, she is estopped by laches from interfering with the reclamation; and her prescriptive right should be subject to such diversion as may be necessary to protect the lands drained, which can in no event be used as a reservoir for the storage of the waters.

Appeal from a judgment of the superior court for Kittitas county, Holden, J., entered January 22, 1918, in favor of the defendants, dismissing an action to enjoin the diversion of waters used for irrigation purposes, tried to the court. Reversed.

*O. O. Felkner,* for appellant.

*Hovey & Hale,* for respondents.

TOLMAN, J.—A previous action between these same parties was before this court and decided in *Mason v. Yearwood,* 58 Wash. 276, 108 Pac. 608, 30 L. R. A. (N. S.) 1158. In that case the appellant there, and

[1]Reported in 177 Pac. 777.

here, made three principal contentions: First, that she was entitled to the water from certain springs situated on the land of respondents, by virtue of prior appropriation; second, that she was a riparian owner on the stream flowing from the springs, and therefore entitled to the flow; and third, that she was entitled to the water flowing from the springs by prescription. Her claims upon the first and second grounds were denied in that case, but it was held that she might establish a claim by prescription to a quantity of water flowing therefrom equal to the wonted flow ten years prior to the beginning of that action. There being no evidence in the record from which the amount of that flow could then be determined, the judgment was affirmed, but without prejudice to the right of appellant to bring a new action to establish her claim by prescription, and the amount of water to which she was entitled. That case was decided in May, 1910, but appellant took no steps to establish her rights there recognized until the commencement of this action by the filing of her complaint on June 11, 1917, except that she brought a similar action in November, 1916, which she voluntarily dismissed. The complaint in this case restates in considerable detail the facts upon which the appellant relied in the previous case (to which reference is now made for a better understanding of the issues), and in addition, pleads that she is entitled by prescription to the uninterrupted flow of twenty-five inches of water, miner's measure, under a four-inch pressure, and that respondents have, since the decision in the previous case, constructed ditches, pipes and underground drainage in such places and in such manner as to divert all of the flow of water from appellant's land.

Respondents, by answer, pleaded that, after the final decision of the prior case, they tendered to appellant

a quantity of water in excess of what she was entitled to by prescription, which she refused to accept, contending that she was entitled to the entire drainage from respondents' lands, and that, because of her failure to bring an action to determine the amount of water to which she was entitled, they assumed that she did not wish to further litigate the question, and proceeded to install, at great expense, a drainage system, whereby they reclaimed and made productive their lands which were previously covered by water, and prevented an increase in area of their flooded lands, and that, because thereof, appellant is now estopped by her laches. In the judgment entered below, the trial court found that appellant has title by adverse possession of ten inches of water, miner's measure, under a four-inch pressure, flowing from respondent Yearwood's lands, during such period each year as the same is needed for irrigation; that respondent Yearwood had offered to appellant all the water to which she was entitled, if she would permit him to conduct the same across his land in a closed drain so as to avert the growing damage by flooding to his premises, which offer was refused; whereupon Yearwood gave notice that he would divert the water by other means, in order to save and reclaim his lands, and that he proceeded to do so, thereby saving his lands from greater inundation and reclaiming and placing them in a high state of cultivation; that the drainage system thus installed does not actually connect with the springs or with the flow therefrom, but by seepage and percolation does divert the water in a substantial degree, and the water so diverted has been put to a beneficial use by respondents; that respondent Yearwood was within the rule of reasonable use of his own land in so doing, and could not be enjoined, and

that appellant had been guilty of laches; whereupon the action was dismissed with costs to respondents, and this appeal followed.

After a careful examination of the record, we are convinced that the intention of the trial judge was in the main right. The evidence does not preponderate against his finding that, in the year 1898, when the adverse possession began, appellant or her predecessors in interest were receiving from this source not to exceed ten inches of water, as found by him; but we think that the right was used to some extent at all seasons of the year, and whatever the flow might be, not exceeding the ten inches, at times other than in the irrigation season, appellant would be entitled to receive that flow, except as she may have lost her rights by her laches.

We also are convinced that the evidence sustains the finding that respondent Yearwood offered to deliver to appellant all the water to which she was entitled, through a closed drain, and that the reasonable use of his own property, and the protection and reclamation thereof, could not be thwarted by appellant's refusal to accept the water, or by her delay in bringing the action which this court in 1910 had said she might bring. Therefore, appellant's right to receive the ten inches of water during the irrigation season, and the flow, not exceeding ten inches, during the non-irrigation season, should be subject to such diversion of the water as may be necessary to keep respondents' lands drained and reclaimed, as they are at present, by the present drainage system which, by appellant's nonaction, she has permitted to be installed; the reason being that, while appellant has not lost her prescriptive right to the use of the water by delay for a period less than that prescribed by the statute of limitations,

and those now beneficially using the water have gained no prescriptive right thereto, yet by her acts in refusing the water as offered, and her delay in bringing this action and standing by while respondent Yearwood reclaimed his land at great expense, she is now estopped from asserting any right which might interfere or be inconsistent with the full enjoyment by respondent Yearwood of the fruits of the reclamation which he has brought about.

In order that this controversy may be ended, the court should also have provided by judgment that appellant be permitted to go upon the lands of respondents so far as necessary to keep free from obstructions the passageway by ditch or natural channel through which the water flows, so that it may be and remain, at all times, in the condition in which it was in 1898, when the right attached, so far as may be necessary to secure the flow of water awarded to her, if that may be secured without interference with the present state of reclamation of respondent's land, with the privilege, however, to respondent Yearwood, if he desires, at his own expense, to deliver the water at his lower boundary line where it left his land in 1898, in a box or underground drain, in which event he should keep such drain in repair at his own expense, and appellant, so long as such drain adequately serves its purpose, to have no right to interfere therewith or enter respondent Yearwood's premises. On no account should appellant be permitted to use respondents' land as a reservoir for the storage of water, to the impairment or detriment of the improvements and reclamation which had taken place prior to the beginning of this action.

These conditions, carried into a judgment, will perhaps please neither party to this action. But from the

state of the record before us, and in view of the facts found by the trial court, they approximate equity as near as may be. They recognize and establish appellant's right to the use of the water according to her title by prescription, because, having acquired such title, it may be taken from her only as might similar property where title was acquired by deed. Appellant's unreasonable delay of more than seven years in bringing this action, her refusal to accept the water as offered to her by respondent Yearwood (which appears to have been a fair and reasonable offer of delivery), and her neglect to act when notified by Yearwood that, in order to prevent a growing injury to his land and to reclaim and put in cultivation that already inundated, he must, and would, otherwise dispose of the water if appellant would not accept it in the manner offered, and her neglect to act at all for several years thereafter, although for at least three years prior to the beginning of this action she had received none of the water, all constituted laches upon appellant's part which estop her from complaining of, or asserting rights which will interfere with the reclamation which has taken place.

In view of the equities in the case, each party will bear his own costs, both in this court and in the court below.

Reversed, with instructions to enter judgment in harmony with these views.

Mitchell, Mackintosh, and Main, JJ., concur.

Chadwick, C. J. (concurring)—I concur in the opinion of Judge Tolman, upon the understanding that appellant cannot claim the flow of ten inches of water as a present right, but that her right is limited to the use of such water only as may naturally flow from the source over and above that which is carried into the

drainage system and to which other rights have attached.   It may not be more than ten inches; it may be less.