[Crim. No. 2522.  In Bank.—March 7, 1923.]

THE PEOPLE, Respondent, v. JUNG SAM, Appellant.

[1] CRIMINAL LAW—MURDER—EVIDENCE—INCRIMINATING STATEMENT—FOUNDATION.—In a prosecution for murder, whether or not the proper foundation is laid for admission in evidence of an incriminating statement made by the defendant, in showing that it was freely and voluntarily made, is primarily for the consideration of the trial court.

[2] ID.—STATEMENT RELATING TO SHOOTING—EVIDENCE.—From certain circumstances shown in this prosecution for murder the jury was

justified in concluding that the incriminating statement made by defendant and admitted in evidence related to the shooting of the deceased.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

Zabala & Sargent for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WILBUR, C. J.—The defendant was convicted of murder in the first degree and sentenced to be hanged. Soo Hoo Kay was murdered between 10 and 10:30 P. M. on the evening of May 20, 1922, at the old American Hotel, in the town of Castroville, Monterey County, California. A dozen or more shots were fired into the body of the deceased. These shots were heard by people in the neighborhood, and almost immediately after the shooting three Chinamen were seen to come out of the alley leading from the rear of the hotel and jump into an automobile. This same automobile was finally stopped near San Jose after an exciting chase, during which the automobile was driven almost sixty miles an hour. At the time of the arrest three Chinamen were found in the machine. The defendant Jung Sam was lying in the rear of the machine. He was wounded by a bullet in his right arm near the elbow, another in his breast, and the third in his right side near the edge of the rib. These three Chinamen were arrested for the murder and were tried jointly. Wong Yuen and Lee Sing were acquitted.

It is unnecessary to state in detail the many circumstances leading to the conclusion that the three defendants were the same persons who fled from the rear of the American Hotel immediately after the shooting. Suffice it to say that at the time of the arrest some loose Smith and Wesson 38-caliber cartridges were found in the automobile and were of the same caliber as those extracted from the body of the deceased; that a pair of tennis shoes were found in the machine and that these fitted the tracks found in the rear of the American Hotel at Castroville immediately after the murder, and that the defendant had on a pair of unlaced leather shoes.

The only matter complained of by the appellant is the introduction of a statement made by him while he was in the hospital, and it is claimed that the injurious character of this evidence is made manifest by the fact that his codefendants were acquitted while he was convicted. It should be noted in this connection that the fact that the defendant was wounded by bullets and that he was wearing unlaced shoes tended more definitely to connect him with the murder than the evidence with reference to his codefendants. However that may be, it is clear that the evidence was amply sufficient to sustain his conviction, and this is not seriously controverted by the defendant.

It is unnecessary to repeat in detail the evidence which is objected to. The witness Eastwood, who was at the hospital as a representative of the sheriff, to prevent the escape of the defendant, testified that he stated to the defendant: "Sam, you damn poor gunman. You miss your man three times, all three shots miss his head and go into the baseboard and he jump up and fight like hell. What you do when he jump up and fight?" To this statement the defendant replied: "I push him back and hold him."

[1] Two objections are made to the introduction of this testimony. First, it is claimed that no proper foundation was laid, in that it did not appear that the statement was freely and voluntarily made. This matter was primarily for the consideration of the trial court. The witness was closely interrogated and cross-examined upon the subject, and it is clear from his testimony that the statement was free and voluntary. The other objection made is that it is not apparent from the statement made that the defendant referred to the fight with the deceased. It is true that the name of the deceased was not mentioned and that the circumstances of the killing were not stated, but under the circumstances it was proper to admit the testimony and the jury were to determine from the whole case whether or not it applied to the killing of the deceased.

[2] It appeared from the evidence that three bullet holes were found in the baseboard of the room in which the deceased was apparently sleeping at the time he was assaulted. The circumstances introduced in evidence tended to show that the deceased was lying down at the time he was shot and that a struggle thereafter ensued, during which

the deceased was repeatedly wounded. The deceased was shot twice in the neck and six times in the back.

From these circumstances the jury was justified in concluding that the conversation between the witness Eastwood and the defendant related to the shooting of the deceased. We find no error in the record.

Judgment affirmed.

Waste, J., Lennon, J., Seawell, J., Lawlor, J., Myers, J., and Kerrigan, J., concurred.