[Crim. No. 1040. Second Appellate District, Division Two.—March 8, 1924.]

THE PEOPLE, Respondent, v. RICHARD CARILLO,
Appellant.

[1] CRIMINAL LAW—SUFFICIENCY OF INSTRUCTIONS—REPETITION.—In a
prosecution upon an information in two counts charging the crimes
of assault with intent to commit rape and burglary, where the
charge given by the trial court fully and correctly states the
principles of law involved as pertaining to the issues in the case,

it is unnecessary to repeat them in the language of the instructions requested by defendant.

[2] ID.—EVIDENCE — CONFESSION — PROVINCE OF TRIAL COURT. — It is within the peculiar province of the trial court to pass upon the admissibility of evidence tending to show a confession; and this is true wherever the record contains evidence which substantially supports the ruling of the trial court.

[3] ID.—RAPE—PUNISHMENT—DISCRETION OF JURY — CONSTITUTIONAL LAW.—The fact that section 264 of the Penal Code allows the jury by their verdict to fix the punishment of a person convicted of an offense under subdivision 1 of section 261 of the Penal Code, whereas section 220 provides punishment for assault with intent to commit rape of not less than one nor more than fourteen years, and allows the jury no discretion in the matter, does not render the latter section unconstitutional.

[4] ID.—TESTIMONY AT PRELIMINARY HEARING—ABSENCE OF WITNESS. In such prosecution, the preliminary proof showing that a certain witness who had testified at the preliminary hearing could not be served with a subpoena at the place known to be her former abode, that she had left for another state, and that mail had been received from her bearing postmarks of towns in such other state, constituted a sufficient foundation to permit her testimony taken at the preliminary hearing to be read to the jury.

(1) 16 C. J., p. 1063, sec. 2506.    (2) 16 C. J., p. 735, sec. 1513; 17 C. J., p. 242, sec. 3582.    (3) 16 C. J., p. 69, sec. 31.    (4) 16 C. J., p. 839, sec. 2116.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos P. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—This is an appeal from a judgment after verdict of guilty rendered by a jury against the defendant upon both counts of an information charging the crimes of assault with intent to commit rape and burglary, wherein the jury found the burglary to be that of the second degree. [1] Appellant asserts that the trial court erroneously re-

2.  See 8 Cal. Jur. 106.

fused to give fifteen instructions requested by him. However, he has failed in his briefs to do more than quote the offered instructions and to assert that because of the omission to give them his rights were substantially prejudiced.

A careful reading of the entire charge given by the trial court to the jury discloses that the principles of law involved as pertaining to the issues in this case were fully and correctly stated. This being so, it was unnecessary to repeat them in the language of the instructions requested by appellant.

[2] It is seriously urged that "where there is one scintilla of evidence going to the fact that a confession was not free and voluntary" it is no longer discretionary with the trial judge to admit, or sustain objection to the admission of, an alleged confession. It is admitted that the effect of the testimony of one witness for the prosecution was that the confession was entirely free and voluntary. No authorities are cited by appellant to sustain his novel position. It is elementary that it is within the peculiar province of a trial court to pass upon the admissibility of evidence tending to show a confession. This is true wherever the record contains evidence which substantially supports the ruling of the trial court. (*People* v. *Graff*, 61 Cal. App. 7 [214 Pac. 273] ; *People* v. *Fouts*, 61 Cal. App. 242 [214 Pac. 657] ; *People* v. *Rodriguez*, 61 Cal. App. 69 [214 Pac. 452] ; *People* v. *Jung Sam*, 190 Cal. 539 [213 Pac. 966].)

Other points made by appellant are equally clearly not well taken. [3] It is urged that section 220 of the Penal Code is unconstitutional, for the reason that section 264 of the Penal Code allows the jury by their verdict to fix the punishment of a person convicted of an offense under subdivision 1 of section 261 of the Penal Code, but that section 220 provides punishment for assault with intent to commit rape of not less than one nor more than fourteen years, and allows the jury no discretion in the matter. The point which appellant seems to attempt to make is that assault with intent to commit rape is a crime of less heinousness than rape, and yet that the punishment provided by section 220 of the Penal Code is less severe than that for rape under subdivision 1 of section 261 of the Penal Code, hence appellant says the section under which he was convicted, to wit, section 220 of the Penal Code is unconstitutional. The mere statement of this proposition answers itself, as the argument

is clearly not directed against the constitutionality of the law, but merely to its wisdom, which, of course, is within the province of the legislature.

[4] There is no merit in the objection that the court erred in permitting the testimony of a witness, Olive Schealey, taken at the preliminary hearing, to be read to the jury, on the ground that a sufficient foundation was not laid. The evidence showed that the officer attempted to serve a subpoena upon the witness at No. 1700 Grafton Street, Los Angeles, known to be her former abode, and that a Mrs. Dunn, who lived at that address, said Mrs. Schealey had left for Texas in an automobile, starting from in front of her house; the witness interviewed another woman in the immediate neighborhood, who said she had received a postal card from Mrs. Schealey, postmarked "Laguna, Texas," stating that she was there; that he also inquired of a daughter-in-law of Mrs. Schealey, living at Glendale, who stated that she had received a letter in an envelope postmarked in Texas, on the day on which the witness was testifying. This letter was offered in evidence, and was postmarked "Monte, Texas." This foundation was ample.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.