[Crim. No. 2784.   Second Appellate District, Division One.—November 25, 1935.]

THE PEOPLE, Respondent, v. ARCHIE C. CARTER, Appellant.

388

· Donald MacKay and George H. Shreve for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant was convicted of contributing to the delinquency of Frances Isabelle Walker, an unmarried minor under the age of twenty-one years. Miss Walker had been shot and killed on April 13, 1935, by the wife of appellant. The autopsy surgeon testified that the *post mortem* examination revealed that she was pregnant and had become so two or three weeks before her death. The information alleged the offense to have been committed on or about April 11, 1935.

Appellant presents five claims of error for consideration, namely, 1. That proof of the *corpus delicti* was not sufficient; 2. That therefore, the declarations and admissions of defendant were inadmissible; 3. That the testimony of defendant given at the trial of his wife was not free and voluntary and hence inadmissible; 4. That the trial judge was influenced by his belief that appellant's acts and conduct led to the killing, by his wife, of the minor Miss Walker, and 5. That the evidence was insufficient to prove the *locus delicti*.

It was clearly evident, from the testimony of the autopsy surgeon, that someone had contributed to the delinquency of Miss Walker, which alone was sufficient to establish the *corpus delicti;* the connection of the defendant with the crime is no part of the *corpus delicti.*

The rule that, the *corpus delicti* being established, the incriminatory statements of defendant are admissible, is too well known to require the citation of authorities.

The defendant's testimony, given at the trial of his wife, was properly admitted. (*People* v. *Mitchell,* 94 Cal. 550 [29 Pac. 1106].)

Appellant's brief merely notes, without comment, that the trial judge was influenced by his belief that the acts of defendant led to the killing of Miss Walker. Such a bare

assumption merits no more comment or consideration here, than it received in appellant's brief.

■ The fifth claim urged by appellant, namely, that the evidence was insufficient to prove the *locus delicti*, is without support either in the record or the law.

Appellant and his wife resided near Newhall in Los Angeles County. Miss Walker was a playground instructor at the Newhall school and at times lived with appellant and his wife. She had returned to live with them in February, 1935, after a brief absence, and remained there until April 13, when she was killed. It was in evidence that appellant had testified at his wife's trial that he had been having sexual intercourse with Miss Walker for about six months before she met her death and that the last act occurred a week or ten days before she died. The evidence, for example, of defendant's practice, of stopping and lingering beneath the drooping branches of a clump of trees off the highway, while driving Miss Walker to or from school, was a circumstance not easily ignored. Without reviewing the details further, it is sufficient to note that the evidence abundantly supports the inference that the offense was committed in Los Angeles County. (*People* v. *Tipton*, 73 Cal. 405 [14 Pac. 894]; *People* v. *McGregar*, 88 Cal. 140 [26 Pac. 97].)

■ The state gives no assurance to its feloniously insubordinate citizens that the venue of their crimes will be fixed beyond a reasonable doubt; that doctrine applies only to the issue of guilt. (*People* v. *McGill, ante,* p. 155 [51 Pac. (2d) 433]; Underhill on Criminal Evidence, vol. 1, sec. 36, p. 45.) The defendant and appellant, therefore, is in no position to complain because the location of the offense was not established to a degree of certainty more to his liking.

The judgment and order denying a new trial are affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 9, 1935, and the following opinion then rendered thereon:

THE COURT.—In the petition of appellant for a rehearing it is pointed out that the evidence referred to by way of example, in the opinion, to appellant's practice of stopping and

lingering beneath the drooping branches of a clump of trees, was stricken at the trial. This appears to be correct. It is again urged, "that there is no evidence, other than the residence of the parties, upon which any court could draw an inference as to the *locus delicti* of the alleged offense".

The evidence shows that, with the exception of a few hours on the evening of April 8th, when Miss Walker and members of her family and appellant's family visited in Ventura County, she was not outside the boundaries of Los Angeles County, between the date of her return in January and the time of her death; that she lived at the home of appellant from February until she was killed by appellant's wife and that appellant's home was in Los Angeles County. With the admissions of appellant, in evidence, that he had been having sexual intercourse with the deceased for six months before her death, in addition to the foregoing, it is hardly likely that anyone would or could infer that he always took her outside of Los Angeles County when the acts or act which contributed to her delinquency took place.

The petition was denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1935.