[Crim. No. 2456.   First Dist., Div. Two.   June 19, 1947.]

THE PEOPLE, Respondent, v. WILLIAM GUERNSEY
et al., Appellants.

Bullock, Wagstaffe & Daba, Raymond D. Williamson and Arthur J. Healy for Appellants.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Gilbert D. Ferrell, District Attorney, and A. S. Whitmore, Chief Deputy District Attorney, for Respondent.

NOURSE, P. J.—The defendants were charged in one information in two counts—each count charging each defendant with separate acts of rape. Each defendant was found guilty of two acts and both appeal from the judgment and from the order denying them a new trial.

At about 10 p. m. on one of the streets of San Francisco the two defendants took the prosecuting witness and a friend into their automobile on the promise that they would drive them to the Berkeley center of the W. A. C. where they were stationed. Instead the defendants drove them south into San Mateo County, stopping for drinks along the way. After re-

peated advances the girls left the car and started walking along the highway. The defendants drove after them and again persuaded them to enter the car. But the car was turned and defendants drove south to a point near the ocean somewhere in the neighborhood of Half Moon Bay. One of the girls left the car and escaped through a near-by field. The two defendants seized the prosecutrix and put her back in the car. After severely beating her on the face Henry Guernsey forced her to disrobe and committed the act upon her. His brother then accomplished a similar act. After driving northerly for about a half an hour the same act was repeated by each defendant. When she escaped from the car she found a house in the outskirts of the city of Belmont from where the authorities were notified. She was taken to the Dibble Hospital near Menlo Park where at 5 a. m. she was examined by the physician in charge. He testified fully as to the contusions upon her face and thighs, which were not more than a few hours old, and also to the positive evidence of recent intercourse.

There is no contention that the evidence is not sufficient to support the charge of forcible rape. Only one of the defendants appeared as witness. He testified that the acts were done with the consent of the prosecutrix. But her testimony about the force used finds corroboration in the convincing testimony of the medical witness.

The first attack upon the judgment is that since each count of the information charges both appellants jointly of a simple act of rape, they could together only be found guilty of two acts whereas they were found guilty of four acts.

Each count of the information charges defendants "and each of them" of rape in that ". . . they did . . . have and accomplish an act of sexual intercourse" with the prosecutrix "and she . . . resisted the accomplishment of said acts of sexual intercourse. . . ."

The language used seems to indicate with sufficient clarity that in each count each defendant was charged with the commission of a separate act of rape. Manifestly there was no uncertainty in that respect during the trial—both appellants were tried on the theory that each separately committed two acts. The utmost that could be said against the charging part of the information is that the use of both "act" and "acts" in the same sentence caused the information to be uncertain in that it did not clearly inform appellants of the

number of acts charged to each. However, such objection was waived by defendants' failure to demur to the information or to raise the point during the trial. *People* v. *Stone*, 199 Cal. 610, 624 [250 P. 659]; *People* v. *Pryor*, 17 Cal.App.2d 147, 151 [61 P.2d 773].

Secondly it is argued that the venue was not established as it was not proved that any of the acts were committed in San Mateo County. The evidence is that the parties drove from San Francisco to San Mateo County and is sufficient to support the inference that the acts or part of them took place in that county. It is not necessary that the venue be proved beyond a reasonable doubt but only by a preponderance of the evidence. *People* v. *Megladdery*, 40 Cal.App.2d 748, 764 [106 P.2d 84]; *People* v. *Carter*, 10 Cal. App.2d 387, 389 [52 P.2d 294].

The prosecutrix testified that, when after the last act she left the car, she had only to walk up a hill and through a field to come to a house that proved to be in the city of Belmont, San Mateo County. From the site of the first attacks near the ocean to the place near Belmont where the second attacks took place she had been driven in the dark for not more than half an hour, from which circumstance the jury could infer that also the first attacks must have taken place in San Mateo County. After the friend had escaped and when the prosecutrix was being held forcibly in the car for the purpose of committing the crime on her, the car was driven through a wire fence on an abandoned dirt road at the coast south of Half Moon Bay. Green paint resembling that of appellant's car was later found on the barbs of the wire fence. Scratches were found on the car which witnesses testified corresponded with the alignment of the barbs of the fence. A button torn from the jacket of the prosecutrix was found at the spot indicated. Witnesses testified that this spot was in San Mateo County.

The evidence that any one of the acts was committed in San Mateo County is sufficient proof of venue under section 781 of the Penal Code which reads: "When a public offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county." The forcible abduction of prosecutrix which was in progress at the wire fence was an act "requisite to the consummation of the offense" as described in that section.

█ Finally it is argued that the transcript of the testimony of the companion of the prosecutrix given at the preliminary examination was improperly read to the jury as no proper foundation was laid for its introduction. Before the transcript was read evidence was taken that the witness had been transferred from her station in California to a separation center which she left declaring that she was going to her home in the Bronx, New York. The prosecuting witness had seen letters from her written from there, the last one received about two weeks before the trial.

The sufficiency of the foundation laid is within the sound discretion of the trial judge. *People* v. *Crandall*, 100 Cal. App. 785, 791 [281 P. 81]. The foundation in this case is on a par with that in *People* v. *Barker*, 144 Cal. 705, 707 [78 P. 266], where the court held that evidence that the absent witness stated that he was leaving California to reside in another state, and evidence of the receipt of letters from the witness postmarked in the other state was sufficient to support the ruling of the trial court that the deposition was admissible. No specific foundation as to the genuineness of the letters was required where they were apparently written in the ordinary course of things. See, also, 8 California Jurisprudence, page 131. Where there is a satisfactory showing of absence of the witness outside the state no futile acts of diligence to secure attendance are required. *People* v. *Padilla*, 81 Cal.App. 528, 532 [254 P. 585]. See, also, *People* v. *Land*, 137 Cal.App. 196 [30 P.2d 433]. As no abuse of discretion appears the decision of the trial judge will not be disturbed.

█ Appellants' objection that there is no proof of authenticity of the transcript read to the jury is not well taken. In the absence of specific objections on the ground of want of a proper certificate in the court below, it will be presumed in the appellate court in support of the ruling of the court below that the transcript was properly certified. *People* v. *Buckley*, 143 Cal. 375, 383 [77 P. 169].

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.