[Crim. No. 4100.   Second Dist., Div. One.   July 10, 1947.]

THE PEOPLE, Respondent, v. JOHN T. COLLINS, Appellant.

Grant B. Cooper for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the district attorney of *Los Angeles County* defendant was accused in seven separate counts of violation of the Corporate Securities Act. All of the counts charged the sale and issuance of certificates of interest in an oil, gas and mining title and lease, being certificates of interest in the Chi-Rango Exploration Company, organized for the purpose of engaging in the business of mining, milling, producing, refining, manufacturing and selling natural resources of all kinds, without first having applied for and received from the Commissioner of Corporations of the State of California a permit so to do. Save and except for the difference in the date of issuance of the certificate and the person to whom it was issued, all counts are of like nature.

Defendant pleaded not guilty to each count of the informa-

tion, and following trial before the court sitting without a jury, was adjudged. guilty on all counts except count II, upon which he was found not guilty. Following denial of his application for probation, defendant was sentenced to serve one year in the county jail upon each of the six counts upon which he was convicted, the sentences to run concurrently. From the judgments of conviction defendant prosecutes this appeal.

Appellant challenges only the judgment of conviction of the offense charged in count IV, resting that challenge on the claim that the evidence does not show jurisdiction over the offense charged in said count in the county where the information was filed and the trial had.

■ Examination of the record reflects evidence that appellant had his office at 626 South Anderson Street. From the testimony of the complaining witness in count I it is readily apparent that appellant's office was located in the city of and county of Los Angeles. There was testimony that the complaining witness mentioned in count IV had almost daily conversations with appellant in the latter's office prior to the date of the offense charged. There is evidence that the check given by the complaining witness in consummation of the transaction forming the gravamen of count IV was delivered in appellant's office to a Mrs. Steele, who was one of the partners in the enterprise and had been present at conversations between the complaining witness and appellant. This check bore the indorsement of appellant, and was drawn on a Los Angeles bank. The receipt for the money invested was issued in appellant's office. The transaction referred to in count IV was the culmination of many previous conversations between the complaining witness and appellant, all of which are shown by the record to have taken place in the latter's office, which as heretofore indicated was shown to be in Los Angeles.

A reading of the entire record in this case leaves no doubt that there is contained therein sufficient evidence to support the implied finding of the trial judge that the *locus delicti* was established.

As was said by this court in *People* v. *Carter,* 10 Cal.App. 2d 387, 389 [52 P.2d 294] : "The state gives no assurance to its feloniously insubordinate citizens that the venue of their crimes will be fixed beyond a reasonable doubt; that doctrine applies only to the issue of guilt. (*People* v. *McGill,* ante, p.

155, [51 P.2d 433]; Underhill on Criminal Evidence, vol. 1, sec. 36, p. 45.) The defendant and appellant, therefore, is in no position to complain because the location of the offense was not established to a degree of certainty more to his liking.''

For the foregoing reasons, the judgments appealed from are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.