[Crim. No. 3550.   First Dist., Div. Two.   Apr. 29, 1959.]

THE PEOPLE, Respondent, v. PETER PEREZ et al.,
Appellants.

Robert H. Cornell, under appointment by the District Court
of Appeal, Mario Richard Regalado and Regalado & Lindquist
for Appellants.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellants Perez and Laran were charged jointly with one Manuel Garcia, Jr., in four counts with possession, sale and transportation of, and with conspiracy to possess, transport and sell marijuana and heroin. (Health & Saf. Code, § 11500; Pen. Code, § 182.) Appellants pleaded not guilty to all counts and were jointly tried, the jury finding them guilty of the offenses charged in counts II and IV, sale of and conspiracy to possess, sell and transport narcotics. They appeal from the judgment and from the order denying their motions for a new trial.

The evidence shows that on February 12, 1958, State Narcotic Inspector Gazzola, upon information received from one Jack Shay (also known as Jack Schaeffer), a paid informer, arranged a purchase of narcotics. Pursuant to the arrangements, at 8:45 p. m of the same day, the inspector parked his automobile near the Southern Pacific Depot in San Carlos, California. Shay arrived shortly thereafter accompanied by appellants and Garcia. After some discussion with Shay and with Garcia, the inspector asked for the merchandise. Garcia stated that it was being held by Pete and Joe (appellants) and he then went to the automobile occupied by appellants and returned with a brown paper bag containing heroin and a cellophane bag containing marijuana.

The inspector agreed to pay $420 for the narcotics and after counting out $100 stated that the balance was under the hood of his car. When he opened the hood, a prearranged signal, appellants and Garcia were arrested.

No contention is made that the evidence is not sufficient to support the judgment. The only errors urged are:

1. That the court erred in permitting the testimony of the witness Shay given at the preliminary hearing to be read to the jury on the ground that this witness was out of the state at the time of the trial. (Pen. Code, § 686, subd. 3.)

2. That the information was defective in that the eighth and ninth overt acts alleged in support of the conspiracy count were acts of Garcia and not of appellants, and Garcia was not before the jury since he had pleaded guilty before the trial.

1. The testimony showed that Shay was working in Oregon and that on April 19, 1958, Shay had called Gazzola from Portland, Oregon, by telephone and informed Gazzola

that he did not intend to appear as a witness at the trial because he might lose his job. The case went to trial on April 21, 1958, and Shay's testimony was read on April 22.

Complaint is made (1) that no sufficient showing was made that Shay was out of the state on April 22 and (2) that there was a lack of diligence in attempting to serve Shay with a subpoena. ▮ Both contentions are so completely disposed of in the very recent case of *People* v. *Carswell,* 51 Cal.2d 602, as to justify a quotation from page 605 [335 P.2d 99] of that decision:

"Before the first trial Holmes had pleaded guilty to the burglary. . . . In order to facilitate his rehabilitation, the officer had on July 11 obtained a court order restoring Holmes to probation on condition that he return to his home in Philadelphia. He testified that he had asked Holmes to write him upon his arrival there, and that he had received a letter postmarked July 22. Since the trial began on July 24, it may reasonably be inferred from this evidence that Holmes was out of the state at the time of the trial.

"Defendant argues that the mere showing of Holmes' absence from the state did not constitute a sufficient foundation for the introduction of his prior testimony, as the prosecution did not show that it had exercised due diligence to insure his presence at the second trial. . . .Where the evidence is sufficient to show that the witness is absent from the state the due diligence requirement is inapplicable. [Citing cases.]"

▮ Appellants point out that while a showing that the witness is "out of the jurisdiction" was expressly made a ground for the use of the witness' testimony given on a former trial when Penal Code, section 686, was amended in 1911 to permit the use of such testimony, the provision of that section for the use of testimony given at a preliminary hearing was not amended and contains no similar provision, being limited to cases where the witness is "dead or insane, or can not with due diligence be found within the state." From this they argue that the statement quoted from Carswell that "(w)here the evidence is sufficient to show that the witness is absent from the state, the due diligence requirement is inapplicable" must be limited to cases where the testimony to be used was given at a former trial and cannot apply to testimony given at the preliminary hearing.

It is significant that the two cases cited by the Supreme Court in support of this statement (*People* v. *Barker,* 144

Cal. 705 [78 P. 266], and *People* v. *Martin,* 127 Cal.App.2d 777 [274 P.2d 509]) are cases where the testimony admitted was given at a preliminary hearing and not on a former trial. It has been expressly stated (with reference to the foundation necessary for the use of testimony given at the preliminary hearing) : ''The only question presented . . . was whether Darnell was at the time of trial in Texas. That fact having been proved to the Court 'no futile acts of diligence to secure attendance are required.' '' (*People* v. *Harris,* 87 Cal.App.2d 818, 824 [198 P.2d 60] ; *People* v. *Guernsey,* 80 Cal.App.2d 463, 467 [180 P.2d 27] ; *People* v. *Padilla,* 81 Cal.App. 528, 532 [254 P. 585] ; *People* v. *Caballero,* 41 Cal. App. 146, 151 [182 P. 321].) The courts in many cases have held that a showing that the witness is out of the state satisfies the requirement that he ''cannot with due diligence be found within the state'' (a proposition which seems to be self-evident). (*People* v. *Grill,* 151 Cal. 592, 599 [91 P. 515] ; *People* v. *Moran,* 144 Cal. 48, 60-61 [77 P. 777] ; *People* v. *Barker, supra,* 144 Cal. 705, 706-707 ; *People* v. *McIntyre,* 127 Cal. 423, 427 [59 P. 779] ; *People* v. *McDaniel,* 157 Cal.App.2d 492, 499 [321 P.2d 497] ; *People* v. *Martin, supra,* 127 Cal.App.2d 777, 784; *People* v. *Bryant,* 124 Cal. App. 241, 243 [12 P.2d 168] ; *People* v. *Thomas,* 100 Cal.App. 82, 83 [279 P. 826] ; *People* v. *Crandall,* 100 Cal.App. 785, 790-791 [281 P. 81] ; *People* v. *Carillo,* 66 Cal.App. 146, 149 [225 P. 475].) We are satisfied that under all the authorities the showing in this case was sufficient.

2. Apart from any other consideration the presence of the allegation of the eighth and ninth overt acts in the information cannot have prejudiced these defendants. The tenth overt act alleged was the sale of narcotics to Gazzola on February 12, 1958. This is the same sale of which the appellants were found guilty under count II, and the express verdict of guilty on this charge satisfies the rule that the commission of at least one overt act in furtherance of the conspiracy must be found by the jury.

Judgments and orders denying new trial affirmed.

Kaufman, P. J., and Draper, J., concurred.

The petition of appellant Perez for a hearing by the Supreme Court was denied June 24, 1959.